(20 Misc. Rep. 80.)

### PEOPLE ex rel. SWEET v. LYMAN.

(Supreme Court, Special Term, Ulster County. April, 1897.)

CIVIL SERVICE—PREFERENCE OF VETERANS—PROBATIONARY APPOINTMENT.
    A veteran, during the period for which he was appointed on probation (Laws 1883, c. 354, § 2), is not "holding a position by appointment," within Laws 1896, c. 821, § 1, forbidding the removal of veterans except for in-competency or misconduct, after a hearing on due notice.

Application by William H. D. Sweet for a writ of mandamus to compel Henry H. Lyman, state commissioner of excise of the state of New York, to reinstate relator as special agent in the excise department. Relator moves for a peremptory mandamus. Denied.

Eugene D. Flanigan, for relator.
G. D. B. Hasbrouck, Dep. Atty. Gen., for defendant.

CHASE, J. The relator is a citizen and resident of the state of New York, and was a soldier in the Union army during the war of the Rebellion, and was honorably discharged therefrom. He never served in the Confederate army or navy. In the month of June, 1896, he presented himself before the civil service board of examiners of the state of New York, to be examined for the position of special agent, created under and by virtue of chapter 112 of the Laws of 1896, known as the "Liquor Tax Law," and did at such time take the examination submitted by the said board to him for such position. At the time of such examination, he presented to and filed with said board his certificate of honorable discharge as such Union soldier, and claimed the benefits and prefer-ences arising thereunder. He successfully passed said examina-tion, and his name was placed upon the register of applicants eli-gible for appointment; and his name was certified to the commis-sioner of excise as an honorably discharged Union soldier, eligible to appointment as special agent. On the 28th day of September, 1896, the relator received a letter from the commissioner of excise dated September 25th, which letter is as follows:

"This is to inform you that, under the provisions of the civil service rules, I have selected you for appointment to the position of special agent in this de-

partment for a probationary term of three months from the date when you begin service. Should your conduct and efficiency during such probationary term prove satisfactory, you will, at its close, receive a regular appointment; otherwise, your employment will cease. The salary attached to such position is at the rate of $1,200 per annum. This conditional appointment does not preclude prompt discharge from service at any time during such probationary term, in case of misconduct or inefficiency. A prompt reply is requested, stating whether this appointment is accepted, and giving the earliest date when you can present yourselve for service."

He accepted such appointment, and on the same day presented himself for service, and was assigned and detailed for duty at Ogdensburgh, N. Y., his appointment dating from September 25, 1896. On or about the 20th day of December, 1896, he received a letter from the commissioner of excise dated December 19th, 1896, which letter is as follows:

"I have to inform you that your efficiency and capacity for the work required of a special agent, during your employment in this department for a probationary term of three months, have not been found satisfactory, and that in accordance with the terms of your original appointment, as prescribed in the civil service rule No. 36, your employment by this department will cease on the 23d day of December, 1896."

He has not been connected with the excise department since said 23d day of December, 1896. The relator claims that, pursuant to chapter 821, Laws of 1896, he was holding a position by appointment or employment, and he should have been given a hearing, upon due notice, upon the charges made, before removal, and that his removal without formal charges, notice, and hearing was unlawful.

Section 2, c. 354, Laws 1883, provides:

"Sec. 2. It shall be the duty of said commission: First. To aid the governor, as he may request, in preparing suitable rules for carrying this act into effect; and when said rules shall have been promulgated, it shall be the duty of all officers of the state of New York, in the departments and offices to which any such rules may relate, to aid, in all proper ways, in carrying said rules, and any modification thereof, into effect. Second. And, among other things, said rules shall provide and declare, as nearly as the conditions of good administration will warrant, as follows: * * * (3) There shall be a period of probation before any absolute appointment or employment aforesaid. * * * (8) Notice shall be given in writing by the appointing power to said commission * * * of the rejection of any such persons after probation. * * *"

Among the rules promulgated in accordance with the statutes in force when relator accepted the appointment, on September 25, 1896, was rule 36, which is as follows:

"Every original appointment or employment in the civil service shall be for a probationary term of three months, at the end of which time, if the conduct and capacity of the person appointed or employed shall have been found satisfactory, the probationer shall be absolutely appointed or employed, but otherwise his appointment shall cease."

Among the rules promulgated December 9, 1896, is rule 12, which is as follows:

"(1) Every original appointment to or employment in any position in class 2 shall be for a probationary term of three months, and an appointing or nominating officer, in notifying a person selected by him for appointment or employment, shall specify the same as for a probationary term only; and at the end of such term, if the conduct, capacity, and fitness of the probationer

are satisfactory to the appointing officer, his retention in the service shall be equivalent to his absolute appointment; but, if his conduct, capacity, or fitness be not satisfactory, he may be discharged at any time."

Chapter 821, Laws 1896, provides as follows:

"Section 1. In every public department and upon all public works of the state of New York and of the cities, counties, towns, and villages thereof, * * * honorably discharged Union soldiers, sailors, and marines shall be preferred for appointment, employment, and promotion; age, loss of limb, or other physical impairment which does not, in fact, incapacitate, shall not be deemed to disqualify them, provided they possess the business capacity necessary to discharge the duties of the position involved. And no person holding a position by appointment or employment in the state of New York * * * who is an honorably discharged soldier, sailor or marine, having served as such in the Union army during the war of the Rebellion, and who shall not have served in the Confederate army or navy, shall be removed from such position or employment except for incompetency or misconduct shown, after a hearing upon due notice. * * *"

The statute of 1896 gives honorably discharged soldiers, sailors, and marines a preference for appointment, employment, and promotion in every public department and upon all public works of the state, and in the cities, counties, towns, and villages of the state. The legislature also intended by this statute to give to soldiers, sailors, and marines, after appointment, security of tenure in their positions; and it also intended to remove them from all political, partisan, or personal influence. A soldier, sailor, or marine holding a position mentioned in the act of 1896 has, so long as the service is required, an absolute legal right to continue in the place to which he is appointed indefinitely, unless removed "for incompetency or misconduct shown, after a hearing upon due notice upon the charge made." It is not, however, intended by this act to exclude from consideration the question of capacity and fitness. The act in effect provides that a person applying for an appointment or for employment, although a soldier, sailor, or marine who has passed the formal examination, shall possess the business capacity necessary to discharge the duties of the position involved. It is essential that there be some way devised by general rules or by the appointing power to determine as to each applicant's business capacity. One of the ways devised for determining whether the applicant, including soldiers, sailors, and marines, possesses the business capacity necessary to discharge the duties of the position involved, is to give a probationary appointment, as provided and directed by the act of 1883 and the rules promulgated pursuant to that act. The provision of the act of 1883 in regard to a probationary appointment must be read with the act of 1896, and is intended as a means, in connection with the examination of the civil service board, of ascertaining the applicant's qualifications and fitness in advance of an appointment. See People v. Cobb, 13 App. Div. 56, 43 N. Y. Supp. 120.

According to the commissioner of excise, the relator was examined to ascertain whether he had the necessary business capacity to fill the position of special agent under the liquor tax law. The examination was made by giving him a three months' trial, and, as his efficiency and capacity were not satisfactory, he

was not appointed. I do not mean to hold that there is no way to review the action of the commissioner of excise, but I am of the opinion that relator was not entitled to notice and hearing upon charges made by the commissioner of excise, as provided by chapter 821 of the Laws of 1896, for the reason that on the 23d day of December, 1896, he was not holding a position, within the meaning of those words in that act.

The motion is denied.