(18 App. Div. 337.)

MURRAY v. WELLES, Police Commissioner.

(Supreme Court, Appellate Division, Second Department. June 22, 1897.)

1. MUNICIPAL CORPORATIONS—PATROLMAN—PROBATION.
   Under the charter of the city of Brooklyn, the failure of the commissioner of police to bestow a permanent appointment, at the end of his probationary term, upon a patrolman appointed on probation, is not a removal of such patrolman, and the commissioner is not required to grant him a hearing before terminating his service.

2. SAME—PERMANENT APPOINTMENT.
   The fact that breaches of discipline by a police patrolman appointed on probation have been punished when they occurred, is no reason why they should not be considered in determining whether he shall receive a permanent appointment.

Appeal from trial term, Kings county.

Application by John J. Murray for a peremptory writ of mandamus against Leonard R. Welles, commissioner of police, commanding him to appoint relator as patrolman in the city of Brooklyn. From an order denying the motion, relator appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Francis A. McCloskey, for appellant.
James C. Cropsey, for respondent.

WILLARD BARTLETT, J.   The charter of the city of Brooklyn provides that all appointments of patrolmen on the police force shall be made for a probationary period of six months, and that at the expiration of such probationary period the commissioner of police shall appoint to a permanent position all persons whom, during such probationary period, he shall ascertain to be competent to fill the position of patrolmen.    Section 7, tit. 11, c. 583, Laws 1888, as amended by chapter 695, Laws 1893.   Under this provision of law the appellant, on the 8th day of January, 1896, was appointed a patrolman.   He continued to act as such until the 8th day of July, 1896, when the commissioner of police caused his name to be dropped from the rolls of the department.   This action seems to have been taken without any previous notice to the appellant.   The present proceeding is instituted in his behalf to compel the commissioner of police to reinstate him as a patrolman.   In the first place, it is argued that the commissioner had no right to remove the appellant without a trial or hearing.   This proposition assumes that the omission or refusal to bestow a permanent appointment upon the appellant at the end of his probationary term amounted to a removal. We do not so regard it.   The original appointment was for a fixed term, and under it the appellant ceased to be a patrolman, unless during the probationary period it was ascertained by the commissioner of police that he was competent to fill the position.   A determination that he was thus competent could, of course, be manifested by an express decision or declaration to that effect, and probably also by simply continuing to recognize and employ the officer in the service of the police department after the six months had expired.   When, however, immediately upon the termination of the probationary period, the commissioner notified the patrolman that his name was dropped from the rolls, he did not thereby remove the officer, but merely signified that he had not ascertained him to be competent.   In other words, the commissioner simply exercised the election which the law gave him to determine that the patrolman's service should not continue beyond the probationary period for which he was appointed in the first instance.

The direction that the appellant should be dropped from the rolls was contained in the following notice or order:

"July 8th, 1896.

"Unfavorable reports having been received from the commanding officers in whose precincts the following probationary men have served the six-months probationary period, it is determined that the said men be, and they are hereby, dropped from the rolls of the department:

"Daniel Bennett, Jr., of the 4th Precinct.

"John J. Murray, of the 4th Precinct.

"Geo. B. Kiersted, of the 22d Precinct.

"Wm. F. Ward, of the 23d Sub-Precinct.

"L. R. Welles, Commissioner."

It appeared that on the previous day the captain of the precinct in which the appellant was assigned to duty had reported to the superintendent of police that his conduct during his probationary term had not been such as to warrant a recommendation for permanent appointment.   The captain, in his communication to the

superintendent, called attention to the fact that the appellant had been fined two days' pay in February for absenting himself from duty without leave, two days' pay in April for failing to signal, and fifteen days' pay in May for unfitting himself for duty by drinking intoxicating liquor. In the commissioner's affidavit, read in opposition to the motion for a mandamus, reference is made to the trial of the appellant upon these charges. The first two were not of a very serious nature, but the third cannot be deemed trivial. It was proved before the commissioner that the appellant, when he returned from his post shortly after midnight, was found to be so much under the influence of intoxicating liquor that he was unfit to perform police duty. This conviction and the other violations of the police regulations which have been mentioned were taken into consideration by the commissioner in reaching his determination that the appellant was not competent to fill the position of patrolman. It is contended that they could not properly be allowed to influence such determination, inasmuch as the appellant had already been fully punished for each offense. It by no means follows, however, that because the commissioner did not inflict the penalty of dismissal upon the appellant, as he might well have done in respect to the third charge, he was bound at the end of the probationary term to pronounce him competent. He may have been lenient on that occasion, in the hope that the appellant would yet manifest his fitness in such a way as to justify his retention.

Finally, it seems to us that there is no basis for the contention that the appellant's service could not be terminated except after a hearing in respect to his competency or incompetency. The whole force of the provision that appointments of patrolmen in the first instance shall be made "for a probationary period of six months" would be lost if the construction suggested by counsel were correct. It is plain that during that period the officer can only be removed upon conviction of some dereliction of duty after a trial before the commissioner. It is equally plain that if he is found to be competent, and continued in the service after the expiration of six months, he can be removed only in the same way. If it also be true that when the six months end his connection with the department can be terminated only by means of a trial before the commissioner, of what meaning or significance is the requirement that he shall be appointed for a probationary period of six months? It would be just as difficult to get him out of the department at the end of that period as before or after it, and the appointment would really be for an unlimited, instead of a probationary, term.

The order appealed from should be affirmed.