### LICHTENSTEIN v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 13, 1898.)

DEFECTIVE STREETS—SNOW AND ICE—LIABILITY OF CITY.

    In an action to recover damages from a city for injuries suffered by the plaintiff through defendant's alleged negligence, it appeared that, while plaintiff was attempting to pass over a cross walk in a public street, she slipped, fell, and received the injury complained of. There were ridges of hard-packed snow or ice which had been formed on either side of the cross-walk by the city's throwing there the snow removed from the walk, and which had been there for about a month, during which time several persons had slipped and fallen there. On the walk itself, water had collected; and it was to avoid wetting her feet that plaintiff stepped upon the ridge of ice or snow at one side, where she slipped. *Held*, that a verdict for plaintiff was warranted by the evidence.

    Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from trial term, New York county.

Action by Lottie Lichtenstein against the mayor, aldermen, and commonalty of the city of New York. From a judgment in favor of plaintiff, entered on a verdict, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Theodore Connoly, for appellants.

George Hahn, for respondent.

McLAUGHLIN, J. On the 8th of March, 1893, the plaintiff, in attempting to pass over the cross walk on Second avenue, extending from the southeast to the northeast corner of Seventy-Ninth street, in the city of New York, fell, and fractured the fibula of her right leg. She brought this action to recover damages for the injury, upon the ground that the same was caused by the negligence of the defendant. Upon the trial, evidence was offered tending to show that on either side of the cross walk referred to there was, at the time of the accident, an accumulation of ice and snow, with a rough, uneven surface, from one to three feet in thickness; that this obstruction in the street was created by the city, by depositing the snow and ice which it removed from the cross walk; that water several inches in depth had been permitted to accumulate and remain upon the cross walk; that the plaintiff, in order to avoid stepping in the water, stepped upon the accumulation of ice and snow at one side of the walk, when she slipped, fell, and sustained the injury referred to. It also appeared that the street, including the cross walk, had for upwards of four weeks prior to the accident been in substantially the same condition that it was on that day, and that during that time several persons had slipped and

fallen upon the same crossing. With evidence tending to establish such facts, we think the defendant's negligence was a question to be submitted to the jury. It was the duty of the city to keep its streets, including cross walks, in a reasonably safe condition for public travel. Did it perform that duty? The jury, by the verdict, found it did not, and the evidence sustains the finding. The plaintiff had a right to use this street, including the cross walk, although she knew its condition. Bullock v. City of New York, 99 N. Y. 654, 2 N. E. 1. She could not be charged—as a matter of law—with contributory negligence because she sought to avoid the water which the city had permitted to accumulate upon the cross walk; and whether her negligence contributed to the injury was, we think, also a question for the jury. The jury found, upon evidence which warranted the finding, that the plaintiff was free from negligence, and that her injury was caused solely by the negligence of the defendant. We see no reason for interfering with the finding.

It follows that the judgment must be affirmed, with costs.

BARRETT and RUMSEY, JJ., concur.

INGRAHAM, J. (dissenting). The plaintiff started to cross Seventy-Ninth street, from the south to the north side, at the corner of Second avenue, on March 8, 1893. It seems that the center of this cross walk was filled with water, and on each side of the cross walk there were ridges of ice. The plaintiff, in walking on the cross walk, put her left foot upon what appeared to be solid ground; and, when she stepped upon it, her foot sank in, covering her foot entirely with water. To avoid wetting the other foot, she stepped a little to the east with the right foot, upon what appeared to be a ridge of ice, that was hilly and ridgy. When she stepped upon this, her foot slipped, her ankle turned, and she fell sideways, and sustained the injury to recover for which the action is brought. So far as appears, the cross walk was perfectly safe, except that, in consequence of the melting snow, some water had gathered there. To avoid the water, she put her foot upon this ridge of ice in the street, and from that she slipped. The plaintiff swore that, in cleaning the cross walk, snow had been thrown on either side of it, and that was what made the ridge, varying in height from one to three feet; that it was a thawing day, and it was this snow which had been piled up "on the ice melting in the thaw, which filled the center of the cross walk with water"; that she was walking on the ice at the side of the crossing when the accident happened. It was proved that on the 8th day of March, 1893, the temperature was as high as 50 deg., which would cause the snow in the street to melt quite rapidly; that six inches of snow had fallen on the 4th of March, and one-half inch on the 7th of March, and that during the month of February the temperature was of the usual kind of winter weather in this latitude,—alternating with freezing and thawing; that the snow that fell on the 7th of March, and previous to that time, was melting all of the afternoon of the 7th, and all the morning of the 8th. The undisputed evidence is that the accident was solely caused by slipping on this ice in the middle of the street;

that, on crossing, the plaintiff voluntarily stepped upon it, to avoid putting her foot in the water; and that the snow that caused this ridge, the melting of which caused the water upon the cross walk, had fallen on the 4th and 7th of March, preceding the 8th of March, the day upon which the accident happened. It was proved on behalf of the defendant that during this month of March there was a great deal of snow, and that all of the street-cleaning force was engaged in keeping the snow off the cross walk, and that at the time of this accident the streets were full of ice and snow. It seems to me that there was absolutely no evidence here of any negligence on the part of the city of New York. The accident happened, not because of any unsafe condition of the side walk or cross walk, but because of an unusually heavy fall of snow, amounting on the 4th of March to upwards of six inches, followed by another snowstorm on the 7th of March. The streets had become blocked with snow, and, with the warm weather on the 8th, the snow had commenced to melt, and caused pools of water in the streets. The defendant had endeavored to clean the cross walks of snow, to make them safe for use; and, when the thaw came, there was naturally more or less water collected in these cross walks, from which the snow had been removed. To avoid stepping in this water, the plaintiff voluntarily stepped upon a ridge of snow, which, from the use of the streets, had been packed tight, and had become ice; and upon that she slipped and fell. There was nothing in the condition shown in this street which had any relation to the injury but what was common after every severe snowstorm in this climate, followed by warm weather, which caused the snow to thaw; and, unless we are prepared to hold that it was negligence on the part of the city not to clean every one of the streets of New York of snow within two or three days after a snowstorm, there is no evidence to show that the city neglected any duty which it was bound to perform. There is absolutely nothing to show here that this cross walk was unsafe at the place selected by the plaintiff to cross. It is not suggested in which way the city could have prevented this injury, except by removing all of the snow and ice from the street as soon as it fell, and this is an absolute impossibility. We cannot affirm this judgment without holding that, in every case in which a person slips upon a ridge of snow in the street, the city is responsible for the injury, and that would make the city substantially an insurer of every one using the street, for every accident that would happen in consequence of snow or ice; and this is the first case of which I have knowledge in which a recovery has been sustained against a municipal corporation for slipping upon a ridge of ice off a cross walk in the middle of a street. I therefore dissent.

VAN BRUNT, P. J., concurs.