THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS J. WHITE, Respondent, *v.* BIRD S. COLER, Comptroller of the City of New York, Appellant.

*Civil service — notice to a probationary appointee that his services will be dispensed with, given before the end of his probationary period, is sufficient.*

The comptroller of the city of New York is not obliged to wait until the expiration of the three months during which a probationary appointee is entitled to hold a position, before notifying him that his services will be dispensed with at the expiration of that period.

A letter sent by the comptroller to the probationary employee shortly before the expiration of the probationary term, stating "you are hereby notified that your services will not be required after this," operates as a notification that the employee will not be retained after the probationary period.

APPEAL by the defendant, Bird S. Coler, comptroller of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of October, 1900, ordering the issuance of a peremptory writ of mandamus directing the

defendant to reinstate the relator in the place or position of senior clerk, third grade, in the bureau of taxes of the finance department of the city of New York, with all the salary, interest, benefit and emolument due him from the 8th day of December, 1899, the date of his removal.

*Terence Farley*, for the appellant.

*George Tiffany*, for the respondent.

PER CURIAM:

On the 6th of September, 1899, the relator was appointed for a probationary term of three months clerk in the bureau for the collection of taxes in the finance department of the city of New York at a compensation of $1,000 per annum, to take effect September 11, 1899. He was assigned for duty to the borough of Manhattan. Three days before the expiration of his probationary period he was dismissed under a provision of rule 35 of the then municipal civil service rules.

We will assume for the purpose of the decision of this case that such dismissal was unauthorized, and that what was decided in *People ex rel. Kastor* v. *Kearny* (49 App. Div. 125 ; affd., 164 N. Y. 64) applies. The relator was dismissed on the 8th of December, 1899. More than seven months thereafter, namely, on the 28th day of August, 1900, he applied to the Supreme Court for a writ of mandamus to reinstate him, and, after a hearing, the court at Special Term issued a peremptory writ of mandamus directed to the defendant and commanding him " to forthwith reinstate the relator herein, Thomas J. White, to the place or position of senior clerk, 3rd grade, in the bureau of taxes in the finance department of the city of New York, from which position relator was illegally and wrongfully removed on the 8th day of December, 1899, and that he be so reinstated with all of the salary, interest, benefit and emoluments due him from the 8th day of December, 1899, the date of his unlawful and wrongful removal at the rate of a thousand dollars per annum," and further ordering the comptroller to take such action as may be necessary to audit and pay or cause to be paid relator's salary as such clerk in the bureau of taxes in the finance department of the city of New York from the 8th day of December, 1899.

The effect of this writ is not to reinstate the relator as a probationary appointee, but to constitute him a permanent employee with full right to the position and the emoluments thereof. Such an appointment and induction into office cannot be effected through the process of the court. The relator was a probationary appointee entitled to serve for three months. His continuance in the performance of the duties after the expiration of the three months with the acquiescence of the defendant and without a previous notification that he would not be reappointed, would be sufficient to constitute him a permanent employee; but in the letter of discharge sent to the relator by the comptroller is a distinct notification that he would not be retained in a permanent position. That letter contains, among other things, the following: " By direction of the Comptroller, you are hereby notified that your services will not be required after this." We are not aware of any requirement of law which compelled the comptroller to wait until the full expiration of the three months before he notified the relator that his services would be dispensed with. The relator was entitled to a probationary term of three months and could not be discharged before the full expiration of that time; that would give him a claim to his salary for that full period. But if, before the expiration of that time, the comptroller deemed it inexpedient or inadvisable to retain the relator permanently in the public service, notice that he would not be so retained might be given in advance; and such was the effect of the notification given in this case.

While the letter was not effective as a discharge before the expiration of the three months, it did operate as a notification in substance that the relator would not be continued in office after the probationary term expired.

In that view of the case, the issuance of the peremptory writ of mandamus was unauthorized, and the order allowing it should be reversed, and the writ dismissed, with fifty dollars costs and disbursements.

Present — Van Brunt, P. J., Rumsey, Patterson, O'Brien and McLaughlin, JJ.

Order reversed and writ dismissed, with fifty dollars costs and disbursements.