The People of the State of New York ex rel. William H. Kastor, Respondent, v. Henry S. Kearny, Commissioner of Public Buildings, Lighting and Supplies of the City of New York, Appellant.

Civil Service — New York City — Tenure of Probationary Appointee. Where one has been appointed to a position in the civil service of the city of New York for a probationary term, as prescribed by the civil service rules of that city, he cannot be removed during such term except for cause after an opportunity to explain, and a rule providing for his peremptory discharge during the term, without notice of charges or an opportunity to be heard, is invalid, and his peremptory discharge thereunder unlawful.

People ex rel. Kastor v. Kearny, 49 App. Div. 125, affirmed.

(Argued June 5, 1900; decided October 2, 1900.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, made March 9, 1900, reversing an order of Special Term denying a motion for a peremptory writ of mandamus to reinstate relator as clerk in the department of public buildings, lighting and supplies of the city of New York, and granting said motion.

The facts, so far as material, are stated in the opinion.

*John Whalen, Corporation Counsel (Theodore Connoly of counsel), for appellant.* If a short term of office or employ-

ment makes manifest to the head of a department that the officer or employee is, for any reason, an unfit or improper person for his position, he should then be dismissed. It is impossible to foretell what term of probation shall be sufficient in any one case, as each must stand by itself. (*People ex rel.* v. *Lyman*, 157 N. Y. 368; *Chittenden* v. *Wurster*, 152 N. Y. 345.) The fact that the relator was a regular clerk in a department does not in any way alter his position. He was without special rights during his probationary period. (*People ex rel.* v. *Dalton*, 158 N. Y. 175; L. 1897, ch. 378, §§ 124, 1543.)

*Julius M. Mayer* and *Abm. S. Gilbert* for respondent. A regular clerk in a department of the city of New York cannot be removed except for cause and unless he has an opportunity to make an explanation. (*People ex rel.* v. *Thompson*, 94 N. Y. 451; L. 1897, ch. 378, § 1543; *People ex rel.* v. *La Grange*, 2 App. Div. 444; *People ex rel.* v. *La Grange*, 7 App. Div. 311; *People ex rel.* v. *Board of Fire Commissioners*, 72 N. Y. 445; *People ex rel.* v. *Hertle*, 28 Misc. Rep. 37; 46 App. Div. 505; *People ex rel.* v. *Brady*, 43 App. Div. 60.) The probationary period means the whole period of probation, and during said period relator could not be summarily removed. (L. 1883, ch. 354, § 2; L. 1899, ch. 370, § 8; *People ex rel.* v. *Lyman*, 157 N. Y. 384; *Matter of Balcom*, 28 Misc. Rep. 7; *People ex rel.* v. *Roosevelt*, 23 App. Div. 533; *Matter of Murray*, 18 App. Div. 337.)

Landon, J. The relator stood first on the eligible list of the municipal service commission for appointment as senior clerk in the department of public buildings. This was in the classified service. The defendant appointed him senior clerk of the department, to take effect June 13, 1899, and the relator entered upon his duties. On June 17, 1899, the defendant discharged him, assigning no cause and giving him no hearing. He demanded and was refused reinstatement, and moved for a writ of mandamus at Special Term. The

motion was denied.  The Appellate Division reversed the order denying the motion, and awarded the writ for the reinstatement of the relator.

· At the time of his appointment chapter 370, Laws 1899 was in force — and so far as its provisions are applicable to the city of New York, they supersede the provisions of its charter inconsistent therewith.  (*People ex rel. Fleming* v. *Dalton*, 158 N. Y. 175.)  Section 8 provides: " All appointments or employments in the classified service shall be for a probationary term, not exceeding the time fixed in the rules."  The act provides for the making of rules, but none had been made. The Appellate Division assumed that the rules in force, made under section 124 of the charter, applied until superseded by new rules.  Both parties concede this assumption to be correct under section 27 of the act.  Under section 124 of the charter the municipal civil service commission was authorized to provide " for a period of probation before an appointment or employment is made permanent."  The commission had provided by rule 35 that " all employment in positions under any of the schedules, except Schedule G, shall be provisional, and such provisional service shall continue six months except in Schedule C, when it shall be for one month, *during which period the person so employed may at any time be peremptorily discharged from service.*"  The relator's office was not in either Schedule G or C.  The rule seems to limit the power of peremptory discharge to persons appointed under Schedule C.  The Appellate Division held that the last clause of this rule was void as in excess of the power granted by section 124 of the charter.  In this view we concur.

"A probationary term " or " a period of probation " implies definite or stated length of duration, especially so when such term or period is to be provided in advance.  It is not " any time " within a fixed length of duration, unmeasured by the rules, and measurable by the pleasure or will of the appointing power.  Probation or probationary implies the purpose of the term or period, but not its length; the rules could fix its length, for so the statute provides, but

could not make its length provisional in point of time, for that would be to unfix it or annex an unauthorized item. While the primary purpose of the law is to secure efficient service, yet the probationary appointee is thereby secured an experimental trial for the period prescribed by the law or the rules made in pursuance of the law, and he is not to be condemned pending the trial before the time, given him to show his fitness, has expired, except after an opportunity to explain under section 1543 of the charter. In *People ex rel. Sweet* v. *Lyman* (157 N. Y. 368) the appointee served out his probationary term, less one day, and the case was decided upon other grounds and does not apply. The case, then, is, that the relator was appointed for a probationary *term* of six months, and the provision of rule 35 providing for his peremptory discharge during his probationary term, without notice of charges or opportunity to be heard, was invalid, and, therefore, the relator's peremptory discharge under that provision of the rule was unlawful.

The order should be affirmed, with costs.

PARKER, Ch. J. It is not unlikely that the public interests would be. best subserved if the statute should provide that, during the probationary period, the person so employed might be peremptorily discharged from the service, but as it does not, I agree with Judge LANDON that so much of the rule as attempts to confer upon the appointing power that authority is invalid.

HAIGHT, J. (dissenting). The relator, having passed the civil service examination, was appointed senior clerk and bookkeeper in the department of public buildings, lighting and supplies by the defendant, as commissioner. After serving a few days the relator was discharged, and he is now seeking mandamus for his reinstatement. His right to the relief sought depends upon the validity of rule 35 of the municipal civil service commission of the city of New York. It provides as follows: " All employment in positions under

any of the schedules, except Schedule G, shall be provisional, and such provisional services shall continue six months, except in Schedule C, when it shall be for one month, during which period the persons so employed may, at any time, be peremptorily discharged from service." The statute in force at that time provided that " all appointments or employments in the classified service shall be for a probationary term not exceeding the time fixed in the rules." (Laws 1899, chapter 370, section 8.) The rule, as we have seen, provides for a provisional service for six months, but authorizes the discharge of the person employed at any time during that period. It is claimed that the authority to discharge at any time during the provisional service of six months is obnoxious to the statute, and, therefore, to that extent the rule is void. I do not so read the statute. The provisions of the statute require all appointments or employments to be for a probationary term, but that term must not exceed the time fixed in the rules. The statute in no place states that the time shall be for six months or for a period fixed by the rules; it provides that it shall not exceed that time. It may, therefore, be for a shorter time. Probation, as defined by Webster, signifies a proceeding to ascertain the truth, to determine character, qualification, etc. It is an examination or a trial. No lexicographer that I have been able to examine gives to the word the meaning of definite time. Of course, every examination or trial to determine fitness and capacity involves some time. In some cases it may be short, in other cases it may be long. Officers charged with a determination of the qualifications of applicants for positions may, in some instances, discover a radical defect in the applicant on the first day of a trial, while in other cases the discovery may not be made in months. It, therefore, appears to me that it was intended by the statute to leave the question of time to the discretion of the appointing officer, not, however, exceeding the time fixed by the rules, and permitting him to remove whenever he became satisfied that the applicant was not competent and that the civil service commissioners, in adopt-

ing the rule, correctly construed the true meaning and purpose of the statute.

It is said that this construction of the statute would permit officers having appointments to make under the civil service to appoint applicants and then discharge them until the name of a person was reached lower down upon the list that the officer desired to appoint. There are several answers to this contention. *First.* No complaint in court, thus far in the history of civil service, has been made of any officer attempting to so violate the statute. *Second.* If he did violate the statute he would be guilty of official misconduct and become liable to a removal from office. And *third.* There is no necessity for an officer to appoint persons in order to remove them, for the reason that he is given the power, in the first instance, to select the person that he desires if his name is upon the eligible list and certified by the civil service commissioners. (*People ex rel. Balcom* v. *Mosher,* 163 N. Y. 32.)

Again, it is said that the probationary term provided for by the statute is to enable the applicant to demonstrate his fitness to the appointing officer; but why is a probationary term necessary to enable him to do this? He could satisfy the appointing officer of his fitness as well under a permanent appointment as under a probationary one, and, consequently, the probationary statute affords him no relief and is unnecessary. Such does not appear to be the purpose of the probationary statute. The civil service statute prohibits a removal without notice given and an opportunity for a hearing. (Greater New York Charter, section 1543.) The officer was, therefore, called upon to make an appointment practically for life or during the good behavior of the applicant. But before making such an appointment he is required by the statute to subject the applicant to a probationary trial in order that his qualifications and capacity may be determined by a practical test. This provision of the statute, it appears to me, was intended for the benefit of the office and the public who are interested in having fit and competent persons fill the public positions. (*People ex rel. Sweet* v. *Lyman,* 157 N. Y. 368.)

If the probationary trial is for the benefit of the appointee then he is entitled to a full period of six months, the last day and the last hour in which to qualify himself for the position and to induce the officer to retain him, even though his defects were numerous and apparent to the officer from the first day of his service. Not only this, but he is entitled to perform the duties of the particular position to which he has been appointed during the full period fixed by the rule. This may result in a very serious injury to the public service and to the officer who is held responsible for the proper conduct of the office in which the appointee is given service. He may be slow and allow the work to accumulate to such an extent as to practically block the business of the office. He may be careless and inaccurate in figures and thus involve his principal in financial liabilities, but still he is entitled to discharge the duties of his position for the purpose of seeing whether he cannot overcome his defects during the liberal period given by the rules. But it is said that he may be discharged for cause after a hearing; so he could if his appointment was permanent and not probationary. If the probationary appointment is to be given the same force and effect as a permanent appointment, there is no use of a probationary trial, and the statute so providing is unnecessary. But such was not the legislative intent. The statute is a wise one and was intended to accomplish a just result. Restrictions have been placed upon removals of permanent appointees, and such removals may become subject to review in the courts. For this reason a probationary trial has been provided, during which the statute has placed no restriction upon the power of the officer to remove. Civil service is for the public good. It was never intended to embarrass the faithful discharge of duties by public officers, or to endanger the proper administration of such offices. It provides a scheme for supplying the public service with honest, capable and intelligent servants. Applicants must not only pass mental, physical and educational examinations, but they must also submit to practical trials with reference to the duties of the position itself. All

these requirements must be met before they become entitled to a permanent appointment.   Having met them and received the permanent appointment, the statute then steps in, and not until then, and protects them in their position and prevents their removal except after notice of cause and an opportunity for a hearing.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs.

PARKER, Ch. J. (in memorandum), O'BRIEN, BARTLETT, VANN and CULLEN, JJ., concur with LANDON, J., for affirmance; HAIGHT, J., dissents.

Order affirmed.