PEOPLE ex rel. WHITE v. COLER, Comptroller.

(Supreme Court, Appellate Division, First Department. December 21, 1900.)

MANDAMUS—CIVIL SERVICE—CLERKS—PROBATIONARY PERIOD.

    Rule 35 of the rules adopted by the civil service commission pursuant to New York City Charter, § 124, provided that every appointment to a clerical position in the competitive class should be for a probationary term of three months, and that the retention in the service at the end of such term should be equivalent to permanent appointment, but that a probationer might be discharged any time during the probationary term. Relator was appointed for a probationary term, and before the expiration thereof, and while rule 35 was in force, he was informed that his services would not be thereafter required. Held, that, though rule 35 was invalid in so far as it authorized discharge before the expiration of the probationary term of three months, it was error to grant a peremptory writ of mandamus for relator's reinstatement in a permanent position, since the effect of the discharge was to terminate his employment at the end of the period of probation.

Appeal from special term, New York county.

Mandamus by the people, on the relation of Thomas J. White, to Bird S. Coler, as comptroller of the city of New York, to compel relator's reinstatement in a clerkship of the competitive class. From an order granting a peremptory writ, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Terence Farley, for appellant.
George Tiffany, for respondent.

PER CURIAM. On the 6th of September, 1899, the relator was appointed, for a probationary term of three months, clerk in the bureau for the collection of taxes in the finance department of the city of New York, at a compensation of $1,000 per annum, to take effect September 11, 1899. He was assigned for duty to the borough of Manhattan. Three days before the expiration of his probationary period he was dismissed under a provision of rule 35 of the then municipal civil service rules. We will assume, for the purpose of the decision of this case, that such dismissal was unauthorized, and that what was decided in People v. Kearney, 49 App. Div. 125, 62 N. Y. Supp. 1097, affirmed in 164 N. Y. 64, 58 N. E. 14, applies. The relator was dismissed on the 8th of December, 1899. More than seven months thereafter, namely, on the 28th day of August, 1900, he applied to the supreme court for a writ of mandamus to reinstate him, and, after a hearing, the court at special term issued a peremptory writ of mandamus directed to the defendant and commanding him "to forthwith reinstate the relator herein, Thomas J. White, to the place or position of collection clerk, third grade, in the bureau of taxes in the finance department of the city of New York, from which position the relator was illegally and unlawfully removed on the 8th day of December, 1899, and that he be so reinstated with all the salary, interest, benefit, and emoluments due him from the 8th day of December, 1899, the date of his unlawful and wrongful removal, at the rate of a thousand dollars per annum"; and further ordering the comptroller to take such action as may be necessary to audit and pay, or cause to be paid, relator's salary as such clerk in the bureau of taxes in the finance department of the city of New York from the 8th day of December, 1899. The effect of this writ is not to reinstate the relator as a probationary appointee, but to constitute him a permanent employé, with full right to the position and the emoluments thereof. Such an appointment and induction into office cannot be operated through the process of the court. The relator was a probationary appointee entitled to serve for three months. His continuance in the performance of the duties after the expiration of the three months with the acquiescence of the defendant, and without a previous notification that he would not be reappointed, would be sufficient to constitute him a permanent employé; but in the letter of discharge sent to the relator by the comptroller is a distinct notification that he would not be retained in a permanent position. That

letter contains, among other things, the following: "By direction of the comptroller, you are hereby notified that your services will not be required after this." We are not aware of any requirement of law which compelled the comptroller to wait until the full expiration of the three months before he notified the relator that his services would be dispensed with. The relator was entitled to a probationary term of three months, and could not be discharged before the full expiration of that time. That would give him a claim to his salary for that full period. But if, before the expiration of that time, the comptroller deemed it inexpedient or inadvisable to retain the relator permanently in the public service, notice that he would not be so retained might be given in advance; and such was the effect of the notification given in this case. While the letter was not effective as a discharge before the expiration of the three months, it did operate as a notification, in substance, that the relator would not be continued in office after the probationary term expired. In that view of the case, the issuance of the peremptory writ of mandamus was unauthorized, and the order allowing it should be reversed, and the writ dismissed, with $50 costs and disbursements.