(61 App. Div. 187.)

PEOPLE ex rel. HOEGES v. GUILFOYLE, Com'r of Buildings.

(Supreme Court, Appellate Division, First Department. May 10, 1901.)

MUNICIPAL CIVIL SERVICE—OFFICIALS—APPOINTEES—PROBATIONARY PERIOD—
    DISMISSAL—REINSTATEMENT—LACHES.
        Where relator was appointed a violation notice server for a probationary period of three months, and was discharged during that period without trial or hearing, in violation of municipal civil service rule 35, his failure to commence proceedings for reinstatement until a year after his dismissal, and eight months after a judicial determination of his rights under such rule, was laches, so that he was not entitled to be reinstated for the unexpired portion of his probationary period.

Appeal from special term, New York county.

Mandamus by the people, on relation of John Hoeges, against John Guilfoyle, as commissioner of buildings of the city of New York, to compel respondent to reinstate relator in the position of violation notice server. From an order of the special term granting the writ, respondent appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Theodore Connoly, for appellant.
Frederick L. Taylor, for respondent.

HATCH, J. Relator, an honorably discharged soldier of the Civil War, was appointed a violation notice server in the department of buildings of the city of New York, at a salary of $100 per month, to take effect September 1, 1899. The position is in the classified service of the municipal civil service, and the appointment was made for a probationary term of three months, as provided by rule 35 of the municipal civil service rules. He was dismissed on or about the 15th day of November, 1899, during the probationary period, for alleged incompetency, without notice, and without opportunity to render an explanation, or trial of any kind. Relator sent a written request to

the commissioner that he be restored to his position and salary on the 17th day of November, 1900,—a year after his dismissal. In his petition relator asks to be reinstated, and for his salary since the time of his dismissal, claiming that his removal was illegal. This relief was granted by the order of the special term, from which order this appeal is taken.

It is undoubtedly the rule that during the probationary period the relator could not be removed, except upon charges and opportunity given for a hearing. People v. Kearny, 164 N. Y. 64, 58 N. E. 14. His removal was therefore illegal. He had no right, however, to any fixed term of retention in his employment beyond the probationary period, which expired within 15 days after the unlawful removal. If reinstated, therefore, it could only be for such period, and the only right which he could obtain would be his salary covering that time; for at the expiration of his term of probation his services might be dispensed with without trial or hearing, assuming that the person vested with the power to dispense with the services acted in good faith in dismissing the relator at that time. People v. Coler, 56 App. Div. 171, 67 N. Y. Supp. 652. The most, therefore, to which the relator is presently entitled, would be his restoration for the unexpired term of the probationary period. It is not necessary, however, that we now determine just what the status of the relator would be if he were presently reinstated, as we think this order must be reversed on the ground of laches in making application for reinstatement. He was dismissed November 15, 1899, and took no steps whatever to secure his restoration until the 17th day of November, 1900, when he wrote a letter to the defendant requesting restoration to his position and payment of his salary. Upon failure of the defendant to comply with such demand, he commenced this proceeding on the 27th day of November, 1900,—over a year after his removal. The excuse which is offered as an answer to this delay is entirely insufficient. Assuming that he might safely wait for a judicial construction of rule 35 and his rights thereunder, such construction was given by this court in March, 1900. People v. Kearny, 49 App. Div. 125, 62 N. Y. Supp. 1097. By virtue of that decision the relator was notified of his rights in the premises, and, if he might have safely waited until that time, it is evident that he would be required to move promptly for the protection of his rights, or lose the same by delay. Nothing contained in People v. Dalton, 52 App. Div. 371, 65 N. Y. Supp. 342, is authority in excuse of relator's laches. Therein decisions made by this court were overruled by the court of appeals. The relator had begun his proceeding for reinstatement when the later decision was handed down by the court of appeals, showing that the petition upon which he relied was defective; and the question presented was whether he was called upon, under a doubtful question of law, to withdraw his appeal from the court of appeals, and institute a second proceeding, or whether he might prosecute the appeal in the court of appeals to a decision without being chargeable with laches in so doing. This court held that he might and that his second application should not be defeated for that reason. The discussion in that case shows that the law, by reason of conflicting views, was in a very embarrassing

state, especially for litigants, and for that reason the rule was some-what relaxed. It is evident, however, that the court in that case went to the verge of the proper exercise of authority, and that its doctrine cannot be extended or otherwise applied, except to substantially similar facts. In the present case there was no such confusion of law. The decision of this court was authoritative upon the question, and yet the relator delayed taking any step for nearly nine months thereafter, and for about a month after the affirmation of the doctrine in the court of appeals. This constitutes such laches as requires a denial of the application.

The order should therefore be reversed, with $10 costs and disbursements, and the application be denied, with $10 costs. All concur.