(35 Misc. Rep. 642.)

### HOLT v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County.　August, 1901.)

1. CITY BATH ATTENDANT—ILLEGAL DISMISSAL.
   Where a city bath attendant had been illegally discharged, and his place was not filled, he can recover his wages, where he, though ready to serve, was prevented from so doing by his superior officer.

2. SAME—COMPENSATION.
   Where a city bath attendant was illegally discharged in July, he could only recover for services which he was willing to perform until the 1st of October, the close of the bathing season.

Action by Henry C. Holt against the city of New York.　Judgment for plaintiff.

Mayer & Gilbert (Julius M. Mayer, of counsel), for plaintiff.

John Whalen, Corp. Counsel, and Charles W. Ridgway, for defendant.

CLARKE, J.　In June, 1895, plaintiff was employed by the mayor, aldermen, and commonalty of the city of New York as a bath attendant at a per diem compensation of three dollars, and was continued in such employment by the city of New York until the 11th day of June, 1898, when he was summarily dismissed by the commissioner of public buildings, lighting, and supplies.　He instituted proceedings for reinstatement upon the ground that his removal was in violation of section 3 of chapter 186 of the Laws of 1898, which provides: "And if a person holding a position subject to competitive examination in the civil service of the state or of a city shall be removed, * * * the reasons therefor shall be stated in writing and filed with the head of the department or other appointing officer, and the person so removed * * * shall have an opportunity to make an explanation."　Upon that proceeding he was successful, and was reinstated on the 22d day of July, 1899.　He now brings this action to recover $1,218, his compensation at the rate of three dollars per day from June 11, 1898, to July 22, 1899, and claims interest from June 11, 1898, the date of his removal.　The city interposed three defenses, the second of which was that during the period in question another person had been employed by the defendant in his place, had discharged the duties appertaining to the place, and in good faith had been paid therefor.　By stipulation this question was submitted to the jury for a special verdict, and they returned answer for the plaintiff that no one had been appointed in his place.　The first defense was that during the period involved plaintiff performed no work or services for defendant, and hence, being a mere per diem employé, was entitled to no pay.　It also interposed the partial defense that, the bathing season closing on the 1st of October, plaintiff's employment was temporary in its nature, and that, if entitled at all to compensation, it was only for the period between June 11, 1898, and September 30, 1898.　These two questions were reserved as questions of law.　It has been decided by this court on the proceedings for reinstatement that the position of bath attendant is in the classified civil service in Schedule F, and hence that plaintiff's removal

was wrongful. It has also been decided by Mr. Justice Bischoff, in People v. Dalton (Sup.) 72 N. Y. Supp. 198, construing the protective provisions of the civil service law in reference to three dollars per diem employés unlawfully removed:

"In effect, there was a contract of employment terminable only for cause, and prima facie the refusal of the employer to assign the employé to work while the contract was in force and while the employé stood ready operated as a breach for which the damages were to be measured by the agreed daily compensation."

The appellate division, in O'Hara v. City of New York, 46 App. Div. 519, 62 N. Y. Supp. 146, affirmed in 167 N. Y. 567, 60 N. E. 1117, Mr. Justice Rumsey writing the opinion, said:

"It must be regarded as finally settled in this state that one who is entitled to an office under a municipal corporation at a fixed or agreed upon salary can recover the amount of that salary while he retains the title to that office, although, in fact, he performed no services, if he was prevented from performing those duties by a superior officer, who attempted to remove him in violation of the law, and no other person has filled the office and been paid for the performance of the duties thereof. * * * But it is claimed that the principle does not apply, for the reason that the plaintiff does not hold any office, strictly speaking, but is a mere employé."

In that case plaintiff was a veteran, and, after reviewing the veteran statutes, the opinion proceeds: ,

"As a result of that statute, the plaintiff was established in the position which he then occupied during his good behavior. That being the case, we are unable to see that his position differed in any degree from one who is a holder of an office created by law."

So in the case at bar, as a result of the civil service statute, the plaintiff was established in his position until the reasons for his removal should be stated in writing, and filed with the head of the department, and the person so removed had an opportunity to make an explanation. It would seem that the reasoning applying to one statute should apply with equal force to the other. The statutes have given permanency to positions in the public service, whether they be called "officers" or "employés"; and if, in violation of the statute, the individual is removed, and subsequently reinstated by the courts, he may recover his salary or compensation when no other person has filled the position and been paid for the performance of the duties. But it has also been decided by Mr. Justice Leaventritt in People ex rel. Gilfillan v. Kearny, N. Y. Law J. May 8, 1900; People ex rel. Holt v. Same, Id.,—that the position of bath attendant is in the nature of a temporary employment, a number of them being taken on every summer, and only a few being retained at the close of the bathing season to take care of the floating bathing houses during the winter. "The contention of the relators that, because they have on occasions been among those selected to do winter work, they are permanently entitled to those places to the exclusion of all other summer attendants is unfounded. * * * Their services could be properly dispensed with at the close of the season." Therefore plaintiff might properly have been discharged at the end of the bathing season in 1898. It seems to me that under the evidence I must find that he would have been so discharged, and construe the attempted removal on June 11th as notice that he would be discharged on Oc-

tober 1st.   People v. Coler, 56 App. Div. 171, 67 N. Y. Supp. 652.
Upon these conclusions of law and upon the special verdict judgment
may be entered for plaintiff for the amount of his compensation from
June 11 to September 30, 1898, with interest thereon, costs, and 5
per cent. allowance.

Judgment for plaintiff, with costs.