### McVAY v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. January 31, 1906.)

1. MUNICIPAL CORPORATIONS (§ 217*)—CIVIL SERVICE APPOINTMENT—PROBATIONARY TERM.

Laws 1899, p. 798, c. 370, § 8, declares that all appointments or employments in the classified service shall be for a probationary term not exceeding that fixed in the rules, and municipal service commission rule 35 declared that every original appointment to any position in the competitive class shall be for a probationary period of three months, which shall be specified in the notice of appointment, and, if the probationer is satisfactory, his retention in the service after the end of the term shall

constitute a permanent employment. *Held* that, where plaintiff was appointed a statistician in the bureau of municipal statistics, his appointment was probationary for the first three months of his term, though the appointing officer failed to so state in the appointment.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §. 217.*]

2. MUNICIPAL CORPORATIONS (§ 218*)—CIVIL SERVICE APPOINTEES—PROBA-TIONARY PERIOD—INTERRUPTION.

Where plaintiff was improperly removed from his position as statistician in the bureau of municipal statistics during the first three months of his service, which was probationary as provided by municipal service commission rule 35, such removal constituted a mere suspension of the term of plaintiff's probationary service, so that, on his reinstatement, he was required to serve the balance of his probationary term before being entitled to a permanent employment.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 218.*]

3. MUNICIPAL CORPORATIONS (§ 220*)—CIVIL SERVICE APPOINTMENT—RIGHT TO SALARY.

Municipal service commission rule 35 provides that every original appointment in the competitive class shall be for the probationary period of three months, and, if the conduct, capacity, and fitness of the probationer are satisfactory to the appointing officer, his retention in the service after the end of such term shall be equivalent to his permanent employment. *Held*, that an appointee receives but one appointment which is continuous whether it lasts for three months or longer, the probationary term being carved out of the whole term, and hence a probationer, having been improperly removed, on his reinstatement, is entitled to recover his salary for the period of his illegal exclusion from his office.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 220.*]

Action by one McVay against the City of New York to recover salary during his unlawful exclusion from office. Judgment for plaintiff.

Spencer, Ordway & Wehrum, for plaintiff.

John J. Delany, Corp. Counsel, for city of New York.

SCOTT, J. The plaintiff was appointed on September 23, 1899, a statistician in the bureau of municipal statistics. On October 16, 1899, he was discharged. He sued out a writ of mandamus, claiming that his attempted removal was unlawful, and on April 10, 1900, a final order was entered directing his reinstatement, and he was actually reinstated on October 20, 1900. The order entered in the mandamus proceeding simply restored plaintiff to the position theretofore held by him, leaving the question of his recovery of salary to be thereafter determined. This action is for the salary attached to the position during the period of plaintiff's unlawful exclusion from office. The defense relied upon is that at the time of his removal plaintiff was still serving merely for a probationary term, that the effect of his exclusion from office was to interrupt that term, and that, upon his reinstatement, he resumed service under his probationary appointment. Hence it is argued during the time of his illegal exclusion from office he held neither a probationary nor a permanent appointment, and consequently

is not entitled to recover salary for the period. I think that the plaintiff's appointment in September, 1899, was probationary under the statute then in force (section 8, c. 370, p. 798, Laws 1899), and the rules of the municipal civil service commission. The statute provided that:

"All appointments or employments in the classified service shall be for a probationary term not exceeding the time fixed in the rules."

Rule 35 of the municipal service commission, in force at the time of the plaintiff's appointment, provided that:

"Every original appointment to or employment in any position in the competitive class shall be for a probationary period of three months, and an appointing or nominating officer, in notifying a person certified to him for appointment or employment, shall specify the same as for a probationary term only, and if the conduct, capacity and fitness of the probationer are satisfactory to the appointing officer his retention in the service after the end of such term shall be equivalent to his permanent employment."

I think that plaintiff's appointment fell within these provisions, and that he was still serving as a probationer when he was removed. The failure of the appointing officer to designate his appointment as for a probationary term could have no effect upon the nature of the tenure by which plaintiff held, for both the statute and the rule are positive, and leave nothing to the discretion of the appointing officer. The head of the bureau could not, if he had wished, have appointed the plaintiff except as a probationer. I also incline to agree that the alleged removal merely suspended the term of plaintiff's probationary service, and that, after his actual reinstatement, he still had two months and seven days to serve as a probationer. This view seems to be in harmony with the cases in which the courts have had occasion to discuss the purpose of the probationary period and the reason for its establishment. People ex rel. Kastor v. Kearney, 49 App. Div. 125, 62 N. Y. Supp. 1097, affirmed 164 N. Y. 64, 58 N. E. 14; People ex rel. Hoeges v. Guilfoyle, 61 App. Div. 187, 70 N. Y. Supp. 442; People ex rel. White v. Coler, 56 App. Div. 171, 67 N. Y. Supp. 652; Matter of O'Grady v. Low, 74 App. Div. 246, 77 N. Y. Supp. 661. When so much is said, however, it still does not follow that the plaintiff may not recover his salary for the period of his illegal exclusion from his office. To reach this result, it would be necessary to hold that an appointee holds two entirely distinct, consecutive appointments, one for three months and the second for an indefinite term. This does not seem to me to be the reasonable construction of the law. There is or need be but a single appointment. The probationary appointment, as it is termed, ripens into a permanent appointment automatically without any affirmative act on the part of the appointing officer. Unless he takes action and removes his appointee at the end of the probationary period, the appointee goes on serving under his original appointment; the only difference in his status thereafter being that he may not be summarily removed. But all the time he holds an office, and is entitled to the salary thereof. In my opinion the true construction of the civil service law is that an appointee receives but one appointment, and that his service is continuous under that appointment,

whether it lasts for three months or longer, and that the only effect of the establishment of the probationary period is that for the first three months of actual service the appointee is under probation, or, in other words, upon trial, so that at the end of the period, if upon trial he proves to be unsatisfactory, he may be summarily removed. The probationary term, as thus considered, is merely a period carved out of the whole term of employment, and not a distinct separate term.

It follows that the plaintiff was entitled to hold his office, under his original appointment, during the whole period of his unlawful exclusion therefrom, although, owing to no fault of his own, he was prevented from completely fulfilling his probationary service.

There must be judgment for the plaintiff, with costs.