# DISTRICT OF COLUMBIA *v.* MARTIN.

### STATUTES; PUBLIC SCHOOLS.

A public school teacher, having nine years normal and high school training, and holding a probationary appointment in group A, class 6, at $1,000 a year, who received a permanent appointment at the same salary, and was assigned to a high school subsequent to the passage of the act of Congress of May 26, 1908 (35 Stat. at L. 289, chap. 198), providing that "teachers hereafter employed" in high schools may be placed in group A, class 6, and receive their longevity increase according to their number of years of experience in teaching in such schools,—is entitled to the benefit of such act, under the provisions of which she is entitled to $1,800, the maximum salary of her group and class.

No. 2031. Submitted December 10, 1909. Decided January 4, 1910.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, upon an agreed statement of facts, in an action of assumpsit. *Affirmed.*

The facts are stated in the opinion.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. Frank H. Stephens* for the appellant.

*Mr. A. S. Worthington* for the appellee.

*Mr. Justice* ROBB delivered the opinion of the Court:

This is an appeal from a judgment for the plaintiff, Jennie T. Martin, the appellee here, in the supreme court of the District, upon an agreed statement of facts in an action for assumpsit for money due for services as a public school teacher.

Miss Martin was, on September 1st, 1907, appointed a teacher in the high schools and assigned to group A, class 6. Sec. 6 of the act of June 20th, 1906 (34 Stat. at L. 316, chap. 3446), regulating the salaries of teachers, school officers, and other employees of the board of education of the District, ordains that "the first year in group A, class 6, shall be probationary." On September 1st, 1908, Miss Martin received a second appointment as follows:

"Appoint J. T. Martin, probationary teacher, as permanent teacher, and transfer from the Business High School to the Central High School, to take effect on and after September 1st, 1908."

Prior to her appointment as probationary teacher appellee had had nine years' teaching experience in accredited normal and high schools. In the act of May 26th, 1908 (35 Stat. at L. 289, chap. 198), it is provided "that teachers hereafter employed in normal, high, and manual training schools may be placed in group A, class 6, and receive their longevity increase according to their number of years of experience in teaching in accredited normal, high, or manual training schools."

In this provision as originally passed by both Houses, the word "hereafter" preceded "teachers," but by a concurrent resolution adopted May 22d, 1908 (Congressional Record, p. 6779), this word was transposed so as to follow "teachers." Appellant thereupon interpreted this provision as embracing only teachers thereafter *appointed,* and ruled that inasmuch as Miss Martin's probationary appointment antedated this proviso she was not entitled to the benefit of it. Her salary was accordingly fixed at $1,000 per year under her permanent appointment, instead of $1,800 per year, the amount to which she would have been entitled had she been given the benefit of said proviso. This controversy is to determine her rights in the premises.

The noun "probation," as defined in the Century Dictionary, means "the act of proving; any proceeding designed to ascertain truth, character, qualifications, or the like; trial; examination; any period of trial." The adjective "probationary," as defined by the same authority, means "embracing or

serving for trial or probation." The intent of Congress in prescribing that the first year in this group or class, which includes head teachers and teachers of normal, high, and manual training schools, should be probationary, was, we think, to subject the applicant for permanent appointment to a period of trial that the applicant's qualifications, capacity, and desirability might be determined before final appointment. Indeed, any other interpretation of this provision would deprive it of all practical utility. Since this group or class embraces teachers whose qualifications must be of a high order, there was special reason why Congress should require a period of test. The primary object, therefore, of this probationary term is to secure efficient service by subjecting the applicant to a trial for a fixed period. We conclude that where the statute requires probationary service of fixed duration, appointments must be for such definite period. In other words, the probationary period prescribed is the measure of an appointee's term of service under such an appointment." A probationary term, or a period of probation, implies definite or stated length of duration." *People ex rel. Kastor* v. *Kearny,* 164 N. Y. 64–66, 58 N. E. 14.

Miss Martin's probationary year or trial appointment expired after the passage of the above proviso. Under our reading of the law it then became necessary for the board of education to determine whether this period of trial entitled her to a permanent appointment. This question they determined in the affirmative, and she was accordingly appointed "as permanent teacher." Assuming, for the purposes of this case, that the phrase "teachers hereafter employed" is synonymous with "teachers hereafter *appointed,*" we nevertheless rule that appellee was entitled to the benefit of said provision. She was in no way responsible for the termination of her trial term of service subsequent to the enactment of this proviso. In compliance with the requirements of the statute she had then demonstrated her capacity and fitness for appointment, but the appointment was necessary because the statute had terminated her probationary term of service. When, therefore, she re-

ceived her permanent appointment she was "hereafter employed" within the assumed meaning of said proviso.

*United States* v. *Alger,* 151 U. S. 363, 38 L. ed. 192, 14 Sup. Ct. Rep. 346, and 152 U. S. 384, 38 L. ed. 488, 14 Sup. Ct. Rep. 635, is not in point. There an officer in the Navy who resigned one office the day before his appointment to a higher one, although in a different branch of the service, *with no intention of leaving the service,* was held not to be entitled to longevity pay as of the higher grade. In the present case the statute terminated appellee's connection with the school system, and her permanent appointment was made in good faith.          ·          ·          Judgment *affirmed, with costs.*