In the Matter of the Application of WALTER C. VOLL, Petitioner, Respondent, for an Order Pursuant to Article 78 of the Civil Practice Act, against FREDERICK C. HELBING, Superintendent of the New York State Vocational Institution, and Others, Appellants.

Third Department, January 11, 1939.

*John J. Bennett, Jr., Attorney-General* [*Patrick H. Clune, Assistant Attorney-General*, of counsel], for the appellants.

*Borden H. Mills*, for the respondent.

McNAMEE, J. This proceeding was brought to compel the reinstatement of the petitioner in the office of director of education in the New York State Vocational Institution, located at Coxsackie, in Greene county, as of December 1, 1937, as a permanent appointee, and to recover the salary connected therewith.

The petitioner was appointed for a probationary term of three months on September 1, 1937, and ending November 30, 1937, according to the authority and limitations contained in section 9 of the Civil Service Law and Civil Service Rule 12. Had he been retained in service after the last-mentioned date his appointment would have become permanent, *ipso facto*, under rule 12. At the end of the probationary period the petitioner was dismissed on the ground that his service was unsatisfactory to the superintendent and the commissioner of correction.

The petitioner contends that he was improperly dismissed on the grounds, *first*, that he was not given adequate written notice, and *second*, that there was no oral notice terminating his probationary service. The Special Term denied an application for a peremptory order of reinstatement, and found that no adequate written notice was given to the petitioner of the termination of his probationary appointment, and directed a trial of the question whether oral notice was given. From this order the defendants appeal.

The institution mentioned is a reformatory constituting a part of the department of correction of the State. (Correction Law, § 331.) The commissioner of correction is required to make rules and regulations for the conduct of the institution (§ 333). By section 5 of the Correction Law the commissioner has " sole charge of the administration of the department," and by section 9 of the same statute he is required to " appoint all and such subordinates in the department as may be necessary." By section 274 it is provided that the superintendent of the institution shall, " Subject to the approval of the Commissioner of Correction, appoint the subordinate officers and employees of the reformatory," and it is further provided that they " shall be removable by him, subject to the Civil Service Law and Rules."

Appointments in the classified civil service, except those applying to veterans of the Civil War, must be made for a probationary term, " not exceeding the time fixed in the rules." (Civil Service Law, § 9.) And rule 12 of the Civil Service Rules provides that

such appointment "shall be for a probationary term of three months," and also, "if the conduct, capacity and fitness of the probationer are satisfactory to the appointing officer, his retention in the service after the end of such term shall be equivalent to his permanent appointment, but if his conduct, capacity or fitness be not satisfactory he may be discharged at the end of such term." The same rule requires that other officers under whom the probationer shall serve during that period "shall carefully observe " his services and conduct, and report the same to the appointing officer when required, " and such reports shall be preserved on file."

On November 22 the acting superintendent wrote the commissioner that petitioner's service "has not been satisfactory," and that "his permanent appointment is not recommended." On November 27 following he reported at length in writing to the commissioner that petitioner's permanent appointment was not desirable, and assigned a number of reasons upon which dissatisfaction was based. On November 29, 1937, the commissioner wrote the superintendent "directing " that petitioner's probationary service be terminated on November 30, 1937. On the same day the acting superintendent wrote to the petitioner stating that he had received a letter from the commissioner " directing the termination of your services," quoting that letter, and adding: "You are therefore instructed to turn over all keys, institutional records, inmate records or other institutional materials in your possession or charge not later than the close of business at 5 P. M. Tuesday, November 30, 1937." It is this latter letter which the Special Term held not to be a termination of petitioner's probationary appointment.

The appointing power is not at liberty to appoint for a longer time than a provisional period of three months. And if the conduct, capacity and fitness of the probationer are not in good faith satisfactory, the appointing power may dismiss a probationer with the same freedom of judgment as he may appoint one of three persons certified in the first instance by the Civil Service Commission. There he may appoint one provisionally and reject the other two. The provisional appointee secures no fixed right by the appointment, except to serve for the provisional period; and then he may be dismissed for the statutory reasons, as he could have been rejected in the exercise of judgment and good faith when first certified. It is evident that the statute intends to leave the appointing power free at the end of the probationary period to dismiss for the statutory cause, as he was free in the first instance to make the provisional appointment.

There is nothing in the statute or Rule relative to terminating the provisional appointment that requires the appointing officer, or other person, to make charges against the provisional appointee, the giving of a hearing, or that requires that the appointee shall be furnished with reasons for his removal. Only two things seem to be required, viz., that the appointee is unsatisfactory, and that the appointment be terminated. The acting superintendent wrote the commissioner twice that the petitioner was unsatisfactory, and stated to him such reasons therefor as would indicate good faith, and added a further purpose in the reports, viz., " so that the reasons why we do not want his permanent appointment may become a matter of record."

The petitioner urges that the discharge was the act of the commissioner and not that of the superintendent, and that the superintendent alone had the power of removal. We do not regard this contention sound either in law or within the facts of this case. This court has held that " the Commissioner of Correction is vested with the power of removal of civil service employees of the department," pursuant to section 5 of the Correction Law. (*Matter of Weishar* v. *Thayer*, 245 App. Div. 893.) And it was the acting superintendent who expressed dissatisfaction with the petitioner's services, and took steps to prevent his appointment from becoming permanent. And when directed by the commissioner to terminate the appointment he did so. The letter of dismissal sent to the petitioner on November 29 was a sufficient " discharge " at the end of the probationary period. (*People ex rel. White* v. *Coler*, 56 App. Div. 171, 173; *People ex rel. Hoeges* v. *Guilfoyle*, 61 id. 187, 188.) This being so, there is no reason to investigate the question of oral notice which was directed to be tried by a jury.

The order of the Special Term should be reversed, and the petition dismissed, without costs.

HILL, P. J., RHODES, BLISS and HEFFERNAN, JJ., concur.

Order reversed on the law and facts, and the petition dismissed, without costs.