Kenneth S. MacAffer, J.
The petitioner seeks an order of this court pursuant to the provisions of article 78 of the Civil Practice Act restoring the petitioner to the position of junior insurance examiner, grade 14 (hereinafter referred to as “examiner”), effective as of October 21, 1959 and directing that she be paid the differential in salary between that of examiner and that of senior account clerk, grade 8 (hereinafter referred to as “ senior clerk ”), from October 23, 1959, the date on which she resumed the position of senior clerk to date.
The petitioner has been a civil service employee of this State since April 16, 1937. She was first appointed assistant file clerk in the Income Tax Bureau of the State Tax Department. On July 5, 1956, after having passed a written examination, *426 she was appointed senior clerk, grade 8, in the Insurance Department.
On July 7, 1957 the petitioner was provisionally appointed to the position of examiner in the Insurance Department. On October 18, 1958 petitioner successfully passed a civil service examination for the position of examiner and her name was included on the eligible list established for that position. Petitioner, on March 12, 1959, was advised that effective April 23, 1959 she was permanently appointed to that position. Petitioner continued in such position until October 22,1959. As of October 23, 1959 the petitioner was reinstated to her former position of senior clerk and has been receiving the salary of senior clerk since October 23, 1959.
It is conceded by the parties that in conjunction with the permanent appointment to the position of examiner, the appointee is required to serve a probationary period of 26 weeks. It is the contention of the petitioner that on October 22,1959 she was illegally demoted from her position of examiner to the position of senior clerk. The petitioner alleges, in support of her contention (a) that she was not given a full and fair trial in the performance of the duties of the position of examiner, (b) that during the probationary period she was not assigned to perform the regular duties of the position but was assigned to perform out-of-title duties of a lower grade, (c) that she protested the out-of-title work to her superiors, (d) that at no time prior to the completion of her probationary term did she receive any written notice that her services as an examiner were unsatisfactory, (e) that at no time prior to the completion of the probationary period did she receive any written notice that she would not be retained in the position of examiner upon the completion of the probationary period.
The petitioner further contends that since she did not receive any notice in writing prior to the expiration of her probationary period advising her that her services were being discontinued or that her probationary period was continued she became a permanent examiner upon the completion of the probationary period.
The respondents, appearing by the Attorney-General, have interposed an answer to the petition denying certain allegations therein and setting up a separate and complete defense in which reference is made to the affidavits of Irving W. Layman, Chief of the Audit and Training Bureau, in the New York State Insurance Department, and James E. Martinetti, Associate Personnel Administrator, of the New York State Insurance Department. There is also incorporated in such answer certain *427 records with respect to the probationary period of the petitioner.
The petitioner has submitted a reply to the answer of the respondents together with her affidavit, in which she denied certain averments contained in the affidavit of Mr. Layman.
Subsequent to the argument the respondents furnished certain employees’ work reports concerning the petitioner as follows: (1) employee weekly report for the calendar year 1958; (2) summary of weekly work reports for the calendar year 1959 and (3) summary of weekly work reports for the month of January, 1960. Later the respondents furnished the weekly work reports of the petitioner for the period from April 23, 1959 to October 21, 1959. This was the time of the probationary period which the petitioner was required to serve in the position of examiner. In addition, both parties have submitted further affidavits.
The Civil Service Commission (hereinafter referred to as the “ commission ”), pursuant to section 6 of the Civil Service Law, adopted certain rules with respect to such probationary periods. On April 23, 1959, the date petitioner was permanently appointed from the list, rule XII of the Eules for the Classified Civil Service provided as follows:
“ 1. Every original appointment * * * shall be for a probationary term * * *. The appointment shall become permanent upon the retention of the probationer after the end of the probationary term; but if the conduct, capacity or fitness of the probationer be not satisfactory his services shall be discontinued at the end of such term. * * *
“ 6. * * * The employment of such a probationer in his permanent position shall not be discontinued at the end of his probationary term on account of unsatisfactory service unless he shall have actually served in such permanent position, in the aggregate, a period equal to the full period of the probationary term prescribed for such position.”
These rules were amended May 12, 1959, effective September 8,1959. Eule 24 of such rules, as thus revised, provided (subd. 1, par. c) as follows: ‘ ‘ An appointment shall become permanent upon the completion of the minimum period of probation unless the probationer, prior to the completion of such service, is given written notice that the probationary term will be continued
The new rule 24 also provided in subdivision 8, in part as follows: “ A probationer whose services are to be terminated for unsatisfactory service shall receive written notice at least one week prior to such termination and, upon request, shall *428 be granted an interview with the appointing authority or his representative.”
The petitioner satisfactorily performed services in the position of examiner for the first four months of the probationary period as appears from the probationary rating forms signed by Irving W. Layman, Chief of the Audit and Training Bureau, under date of June 24, 1959 and August 24, 1959. This same report for the last two months of the term disclosed that the petitioner was rated by Mr. Layman as follows: ‘ ‘ conduct — satisfactory; quality and/or value of services — unsatisfactory; capacity and/or fitness — unsatisfactory.” This report was dated October 22, 1959. The period of the last two months covered the time between August 22, 1959 to October 22, 1959.
It is the contention of the petitioner that from the beginning of the probationary period she was directed to perform clerical work other than the duties pertaining to the position of examiner from time to time and that from and after September 10, 1959 she was transferred out of the auditing unit and directed to do clerical work almost entirely. It is on the basis of such contentions that the petitioner claims that she was not given a full and fair trial at performing the duties of the position of examiner.
The courts have held that a probationary appointee may not be removed unless and until he is given a full and fair opportunity to demonstrate his fitness and capacity to perform the duties of the position in a permanent status. (People ex rel. Hoeges v. Guilfoyle, 61 App. Div. 187; People ex rel. Kastor v. Kearney, 164 N. Y. 65; Matter of Going v. Kennedy, 5 A D 2d 173.)
Former rule XII of the Rules for the Classified Civil Service, in subdivision 6, provided that the probationary appointee must be allowed to actually serve in his permanent position to which he had been appointed for the full probationary term prescribed for the position. This provision has no exact counterpart in the revised rule 24. However, the rule, which is indeed a salutary one, as laid down by the courts as above noted, sufficiently supplies any deficiency in the revised rule in this respect.
"Whether the petitioner was given a full and fair opportunity to serve in the position of examiner and to perform the duties of that position is in contention between the parties. Petitioner claims that she was not. Respondents contend that she was, but that she performed such service in an unsatisfactory manner as to “ quality and/or value of services ” and “ capacity and/or fitness ’ ’ during the last two months of the probationary term.
*429 As noted above, voluminous weekly work reports, other work reports and documents, concerning this petitioner, have been submitted by the respondents. Certain code numbers are referred to therein. The petitioner contends that the functions of the item described by code number 961 are purely clerical and out-of-title as far as the position of examiner is concerned. The respondents contend that such code number describes functions which are not out-of-title.
Whether the services directed to be performed by the petitioner were the duties of the position of examiner and whether such services were satisfactorily performed by the petitioner pose questions of fact. These questions of fact this court is unable to resolve from the lengthy affidavits and from the voluminous documents submitted by the parties.
Ordinarily, these issues of fact would have to be resolved by a trial thereof. However, for the reasons hereinafter set forth a decision of these questions of fact is unnecessary to the disposition of this application.
Petitioner alleged in paragraph Twentieth of her petition: “ That at no time prior to the completion of her probationary term did your petitioner receive any written notice from respondents that her services as a junior insurance examiner were unsatisfactory.” This allegation is specifically admitted by the answer of respondents. The petitioner alleged in paragraph Twenty-First and Twenty-Second of her petition, in substance, that she never received any written notice from the respondents that she would not be retained as examiner upon completion of her probationary period and that she never received any written notice from the respondents that her probationary term would be continued. The answer of the respondents admits the facts of such allegations but the answer denies that respondents had any legal duty to advise petitioner during the period of her probationary service as to whether or not she would be retained in service at the conclusion of her probationary term.
It would appear that under the former rule XII of the Rules for the Classified Civil Service the appointing authority had no such duty to advise a probationer in writing that he would not be retained in service at the conclusion of the probationary term. (Matter of Voll v. Helbing, 256 App. Div. 44; Matter of Demilio v. Lounsbery, 275 App. Div. 979.) However, rule 24 of the Rules for the Classified Service, as amended, effective as of September 8, 1959, applies here. (People ex rel. Perrine v. Connolly, 217 N. Y. 570, 576; Matter of Kornbluth v. Reavy, 261 App. Div. 60; Matter of Eagan v. Livoti, 287 N. Y. 464.)
*430 As appears from that part of subdivision 8 of the present rule 24, quoted above, “ A probationer whose services are to be terminated for unsatisfactory service shall receive written notice at least one week prior to such termination ’ The answer of the respondents specifically admits that such written notice was not given the petitioner. The position of the respondents is that they were under no legal duty to do so.
The civil service rules have the force and effect of law. (Civil Service Law, § 6, sub. 1.) The respondents in the instant case had no authority to depart from the plain mandate of the law requiring the aforesaid written notice to the petitioner that her services were unsatisfactory. (Matter of Poss v. Kern, 263 App. Div. 320, 325; Matter of Otis v. Silverman, 3 A D 2d 752, 753.)
It is also admitted by the respondents that the petitioner was never given any written notice that her probationary term was to be continued for any further period, as required by rule 24 (subd. 1, par. c), quoted above. Here, again, the respondents were without authority to act contrary to the express provisions of the rules. (Matter of Poss v. Kern, supra; Matter of Otis v. Silverman, supra.) Under the above-quoted provisions of rule 24, when petitioner’s probationary term was not extended and she was not given written notice that her services were unsatisfactory, her appointment ipso facto became permanent. (Matter of Voll v. Helbing, supra, p. 45.) Her removal from the position of examiner could then be effected only under section 75 of the Civil Service Law for incompetency or misconduct shown after a hearing upon stated charges pursuant to such section.
In view of the court’s conclusion that the respondents failed to comply with the mandates of the law with respect to the termination of the services of petitioner and that her appointment as examiner has become permanent the other issues raised by the parties, which the court has hereinbefore discussed, need not be passed upon. The court therefore does not express any view as to such issues. The petitioner is entitled to the relief prayed for in the petition.