PEOPLE ex rel. WALTER v. WOODS, Police Com'r.

(Supreme Court, Appellate Division, Second Department. May 28, 1915.)

1. MUNICIPAL CORPORATIONS ⬉≈184—POLICE FORCE—REMOVAL OF PATROL-
    MAN—"PROBATION."
      Civil Service Law (Consol. Laws, c. 7) § 9, provides that all appoint-
    ments in the classified service, with certain exceptions, shall be for a
    probationary term. A rule of a municipal civil service commission re-
    quired that, if a probationer's conduct or capacity on probation should
    be unsatisfactory, he be notified that at the end of the probation period
    he would not be retained. *Held*, that a police commissioner was author-
    ized to investigate the past record of a probationer and refuse to retain
    him upon the expiration of the probationary appointment because of his
    record, though he properly performed his duties during the probationary ·
    period, as "probation" signifies a proceeding to ascertain the truth or
    to determine character and qualification, and the rule of the commission
    did not limit the full scope and purpose of the probation commanded by
    the statute.
      [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
    482–486, 488–491; Dec. Dig. ⬉≈184.]

2. MUNICIPAL CORPORATIONS ⬉≈217—CIVIL SERVICE EMPLOYÉS—STATUTORY
    PROVISIONS.
      Under Civil Service Law, § 9, the rules of a civil service commission
    may fix the time or length of an appointee's probation, but cannot annex
    an unauthorized limitation.
      [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
    576, 577, 579, 580; Dec. Dig. ⬉≈217.]

3. COURTS ⬉≈90—RULES OF DECISION—COURTS OF CO-ORDINATE JURISDICTION.
      A ruling of the Appellate Division of the First Department as to the
    authority of the police commissioner of New York City to refuse to re-
    tain a patrolman at the expiration of his probationary appointment, be-
    cause of an unsatisfactory record prior to appointment, should be fol-
    lowed in the Second department, as the power of the commissioner ex-
    tends throughout the whole city.
      [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313–321, 351; Dec.
    Dig. ⬉≈90.]

Appeal from Special Term, Kings County.

Mandamus by the People, on relation of Christian L. Walter,
against Arthur Woods, as Police Commissioner of the City of New
York. From an order, as resettled, granting a peremptory manda-
mus for the relator's reinstatement as a patrolman, defendant appeals.
Reversed, and motion for writ denied.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and
PUTNAM, JJ.

Charles J. Nehrbas, of New York City (Terence Farley and John
Lehman, both of New York City, on the brief), for appellant.

Alfred J. Talley, of New York City (Denis R. O'Brien, of New
York City, on the brief), for respondent.

PUTNAM, J. [1] Counsel for the relator urges that the proba-
tionary period for patrolman is only to let the appointing power see
how the officer has performed his duty during this period; that, if
his probationary service has been good, the commissioner cannot go

⬉≈For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

behind his civil service examination, and verify applicant's statements of facts, and cannot make inquiries as to his character and conduct with former employers; that, after being placed on the eligible list, the applicant has made his past a "closed book" to the commissioner. The police department has a rule (No. 725) which calls for investigation by that department, and for efforts to have such information furnished in writing and embodied in a written report, to be made four months after the probationary appointment. Under this rule relator's statements in his application filed with the civil service examiners were investigated by being compared with court records; also the circumstances of the relator's discharge from employment as a street car conductor. Thereupon relator was notified in writing:

"That your conduct and capacity as a probationary patrolman having been unsatisfactory to the police commissioner, you will not be appointed permanently at the end of your probationary period."

Upon his application, the Special Term granted a writ of peremptory mandamus, directing the commissioner to appoint the relator. A probationary period for such appointments is recognized as an important and necessary part of the examination itself, by which the commissioner of police can supplement the applicant's written answers by investigation conducted by direct inquiry into the conduct of the applicant while he held prior positions. Laws of 1883, c. 343, § 2; Matter of Murray, 18 App. Div. 337, 46 N. Y. Supp. 172; People ex rel. Van Petten v. Cobb, 13 App. Div. 56, 59, 43 N. Y. Supp. 120; People ex rel. Sweet v. Lyman, 157 N. Y. 368, 52 N. E. 132.

[2] By the present Civil Service Law:

"All appointments or employments in the classified service [except veterans] shall be for a probationary term not exceeding the time fixed in the rules." Laws of 1909, c. 15 (Consol. Laws, c. 7) § 9.

The rules may fix the time or length of probation, but cannot annex an unauthorized limitation. People ex rel. Kastor v. Kearny, 164 N. Y. 64, 67, 58 N. E. 14. "Probation," as defined, signifies a proceeding to ascertain the truth, to determine character and qualification. Rule 11 of the municipal civil service commission provides for such probationer that:

"If his conduct or capacity on probation be unsatisfactory to the appointing officer, the probationer shall be notified in writing that at the end of such period he shall, for that reason, not be retained."

This rule is not to be construed to limit the full scope and purpose of probation which the statute commands. Civil Service commissions and examiners have not facilities for making thorough investigation by outside inquiries into the applicant's personal records. We cannot circumscribe the statutory probation, so as to deprive the commissioner of the salutary check by looking up past records, besides those of the actual service of the probationer, to the end that, before making a permanent appointment, the probationer's conduct, capacity, and fitness may be found satisfactory.

[3] And this same ruling, in February last, was made by the Appellate Division of the First Department (People ex rel. Holsten v.

Woods, 151 N. Y. Supp. 1138), where the commissioner found the probationer's prior record so unsatisfactory as to disqualify him for appointment. Manifestly this court should follow this judicial determination of the power of the commissioner of police, which extends throughout the greater city of New York.

The order should therefore be reversed, with $10 costs and disbursements, and relator's motion denied, with $25 costs. All concur.

