PEOPLE ex rel. KATZ v. WOODS, Police Com'r.

(Supreme Court, Appellate Division, Second Department. March 10, 1916.)

MUNICIPAL CORPORATIONS ⚫═➤185(13)—REMOVAL OF POLICEMAN—REVIEW— CERTIORARI—JUDICIAL ACTS.

The act of the police commissioner of the city of New York in failing to retain a probationary police officer, whose appointment was regulated by rule 11 of the Rules and Regulations of the Municipal Civil Service Commission, though involving the exercise of judgment and discretion, was not such a judicial act as could be reviewed by a writ of certiorari.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 505–507; Dec. Dig. ⚫═➤185(13).]

Appeal from Special Term, Kings County.

Certiorari by the People, on the relation of Max Katz, against Arthur Woods, as Police Commissioner of the City of New York. From an order of the Special Term, quashing writ of certiorari, relator appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Florence J. Sullivan, of New York City, for appellant.

Frank Julian Price, of New York City (Thomas F. Magner, of Brooklyn, on the brief), for respondent.

CARR, J. This is an appeal from an order vacating or quashing a writ of certiorari. The order was made at Special Term, and was

accompanied by a brief memorandum, in which the court stated that the relator had mistaken his remedy and should have applied for mandamus. The relator was appointed from the eligible list of the civil service commission of the city of New York to the position of patrolman on the police force of the city of New York. The nature of his appointment is regulated by rule 11 of the Rules and Regulations of the Municipal Civil Service Commission. This rule does not appear to have been set up in extenso in the petition of the relator for the writ of certiorari, but no point is made on that ground by the respondent. This rule provides that a person selected from the eligible list for appointment on the police force of the city of New York shall be notified of such selection by the appointing officer, and shall receive a certificate of appointment for a "probationary period of three months, except for the position of patrolman, where such period shall be six months," and it further declares:

"If his conduct or capacity on probation be unsatisfactory to the appointing officer, the probationer shall be notified in writing that at the end of such period he shall, for that reason, not be retained; his retention in the service otherwise shall be equivalent to permanent appointment. Veterans of the Civil War, honorably discharged from the military or the naval service of the United States, shall not be subject to such probation."

Shortly before the termination of the probationary period, the police commissioner notified the relator in writing that he (the relator) would not be retained in the service as a patrolman, as his conduct was found by the commissioner to be unsatisfactory. The petition sets up in detail reasons why the police commissioner should have determined otherwise than he did, and asks for a writ of certiorari, on the theory that the determination of the police commissioner was in its nature such a judicial act as entitled the probationer to a hearing and determination on the question of his satisfactory service.

On this appeal the relator relies upon some language of Mr. Justice Putnam in the recent opinion of this court in People ex rel. Walter v. Woods, 168 App. Div. 3, 153 N. Y. Supp. 872, which, as he claims, describes the act of the police commissioner in failing to retain a probationary officer as a "judicial determination." The respondent contends that the words "judicial determination," used in the opinion of Mr. Justice Putnam, did not refer to the acts of the police commissioner, but, on the contrary, applied only to a decision recently made on a similar question by the Appellate Division of the First Department, which this court deemed it its duty to follow, and in this contention we think the respondent is right.

The relator also places reliance upon a phrase in an opinion by Landon, J., in People ex rel. Sweet v. Lyman, 30 App. Div. 135, 141, 50 N. Y. Supp. 444, 51 N. Y. Supp. 641. The provision of the Civil Service Commission on this question of probation is practically the same in language and in scope as that which existed in the charter of the old city of Brooklyn. It was held by this court, construing the Brooklyn charter provision, that the act of the police commissioner in failing to retain a probationary police officer on the police force was not judicial in its nature, but simply administrative. There the application was made for a writ of mandamus, on the theory that the

relator, being a probationary policeman, could not be dismissed without a judicial hearing. Bartlett, J., who wrote for this court, discussed the question fully and in a manner which seems to us completely satisfactory. The writ of mandamus was denied, on the ground that he was not entitled to any hearing as a preliminary for the act of the commissioner in not making a permanent appointment, and that therefore failure to retain the relator did not constitute a dismissal of him from the police service. This case (Matter of Murray, 18 App. Div. 337, 46 N. Y. Supp. 172) went to the Court of Appeals, and was affirmed on the opinion below (Murray v. Welles, 155 N. Y. 628, 49 N. E. 1101).

Therefore, as we think, it is plain that the relator in this case was not entitled to a writ of certiorari, as the act of the police commissioner, while it involved necessarily the exercise of judgment and discretion, was not in its nature such a judicial act that can be reviewed by a writ of certiorari.

The order is affirmed, with $10 costs and disbursements. All concur.