In the Matter of JACK KATZ, Petitioner, *v.* STEPHEN P. KENNEDY, as Police Commissioner of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, May 8, 1962.

*Samuel Resnicoff* for petitioner. *Leo A. Larkin, Corporation Counsel* (*Thomas C. Patterson* of counsel), for respondents.

SAMUEL M. GOLD, J. In this article 78 proceeding, the request to amend the title thereof is granted on consent. As other relief, petitioner, a former patrolman in the Police Department of the City of New York, seeks a final order compelling his reinstatement to said position, having applied for such reinstatement within one year after resignation, and back pay since the date of respondent's original refusal to reappoint him in April, 1960. The original refusal was based primarily upon petitioner's alleged physical condition, namely, claimed calcified bursitis, although petitioner's sick record and service record were declared additional reasons. Thereafter, petitioner sought review of that determination in this court before Mr. Justice MARKEWICH, who ordered a trial of the medical issue to determine whether respondent was being arbitrary in his refusal to consent to petitioner's reinstatement. By so doing, Mr. Justice MARKEWICH necessarily passed upon the other minor reasons stated by respondent for his failure to act, and discarded them as a proper or reasonable basis for such action. If he had not,

in effect, so decided, it would have been an idle gesture and a waste of time and money to have ordered a trial of the medical issue involved. In fact, petitioner was thereafter re-examined and found fit for duty, and the medical issue was conceded by respondent and resolved in petitioner's favor. Mr. Justice HECHT thereupon reinforced the prior decision of Mr. Justice MARKEWICH when he recently remanded the proceedings to the Police Commissioner and stated that no further triable issues of fact were involved. In so doing, that learned Justice was mindful of the fact that such order would preclude respondent from considering the other issues previously raised in respondent's original answer, since that admonition was specifically raised by respondent in a memorandum to Mr. Justice HECHT upon the settlement of his order. Accordingly, respondent is without further reasonable basis for withholding consent to petitioner's reinstatement as a patrolman, and the petition is granted to that extent. Nevertheless, respondent was not without some warrant in his original action and the attendant litigation necessitated an expenditure of time and expense on the part of both parties. Until the medical issue was finally determined and the matter remanded, legal rights were in doubt. Certainly no right to any back pay accrued to petitioner during this period. Moreover, only a few weeks have passed since respondent again refused petitioner reappointment — this time arbitrarily — and the award of back pay as restitution for any damages sustained thereby would not seem warranted. That branch of petition is therefore denied.