Frank J. Kronenberg, J.
This matter has been brought on under article 78 CPLR for a review of a certain decision of the respondent discharging the petitioner from his position at the New York State West Seneca State School. Said decision was rendered June 2, 1965.
The petitioner in his moving papers and briefs argues very strenuously and cites many cases to the effect that the charges of which the petitioner was found guilty were not sufficiently serious in and of themselves to warrant dismissal from the service. In a lengthy brief he cites many cases, urging the principle that dismissal from the service must only be invoked under the most extreme circumstances. (People ex rel. Rigby v. Anderson, 198 App. Div. 283; Matter of Bancroft v. Usher, 4 A D 2d 808; Matter of Pitt v. Town Bd. of Town of Ramapo, 10 A D 2d 958, and other authorities.)
The respondent urges upon this court the general principle that charges were of a serious nature, severely affect the discipline and operation of the school and its important function caring for the children under the New York State Department of Mental Hygiene, and citing authority to the effect that a decision of the presiding officer is not so limited as to preclude dismissal based on the facts in the record before this court.
The facts, as the court views them, are as follows:
That on or about the 28th day of March, 1965, the petitioner Avas asked to go to another ward to obtain some medication by the acting charge of the ward. He did not respond promptly, sat down in a chair and read a book and, ultimately, the person requesting went and got the medicine himself. The court in revieAving this episode fails to find that apart from gross discourtesy, sufficient Avillful disobedience was made out in the record to warrant a finding that in and of itself would sustain a dismissal from the service; in fact a record in respect to this episode indicates that apparently any emergency, if it existed, Avas not made specifically known to the petitioner. Certainly some punishment is appropriate for this but the court does not feel that on this episode alone the petitioner should be dismissed from the service.
The second and third episodes somewhat merge into one episode. This episode, from reading the record, is one from which no rational explanation can be given to the benefit of the petitioner. A repeated request by one person after another to carry out a simple function such as taking the children to Protestant church services was made time and time again and the petitioner refused, offering no adequate explanation, as can be demonstrated from this record. This episode displays insub *14 ordination in its most arrogant manifestation. This insubordination is somewhat exaggerated, possibly out of context, by the fact that children missed obviously important religious services. This is one serious episode of inexcusable insubordination incapable of any rational explanation.
The third specific this court considers is that during the investigation of these incidents the petitioner was told to sign out upon suspension and failed to do so. A reasonable conclusion can easily be arrived at. In view of all of the acrimony which obviously existed at the time, the petitioner’s misunderstanding as to the consequences of his signing out should hardly in and of itself bring down upon his head dire consequences at the hands of this court although, again, a modest punishment might be appropriate.
We then return to the single episode in this matter of a most serious nature to which this court must address itself. Many cases handed up or recited to the court on the Bench cite general propositions only in favor and against the general theories enunciated. One of the keystone cases urged by the respondent is Matter of Nagin v. Zurmuhlen (6 A D 2d 677). This case and two cases cited by the petitioner are the closest in factual basis to the matter at hand. The court is somewhat surprised with the liberality given by previous appellate courts to certain acts of obvious misconduct in respect to the consequences of that misconduct. The Nagin case (supra) is a case where a suspension of a physician for one year was upheld arising out of charges involving the improper prescribing of narcotics while connected with the institution involved. In Matter of Mendoza v. Jacobs (14 A D 2d 521) the employee in question was caught in an evident attempt to burglarize the snack bar in the hospital in New York City. Although later charges failed to show sufficient evidence of burglary, it was evident that he illegally entered the snack bar nonetheless. The court in this matter said a dismissal was disproportionate to the misconduct.
Matter of Fuller v. Stanley (11 A D 2d 1073) and Matter of Pitt v. Town Bd. of Town of Ramapo (10 A D 2d 958, supra) show other single episodes resulting in dismissal which required the court to return the matter to the hearing official or tribunal, as the case may be, for a modification and imposition of a less severe penalty.
It would appear to this court from the reading of specific facts as they can be gleaned from the specific cases cited, that assuming the worker’s work record has been basically good, no matter how long the term, and assuming further that the episode in which he is found guilty is not of such a nature *15 that the operation and function of the institution is totally disrupted or is not of a repetitive nature, or, further, that the trier of fact determines in the first instance that a number of serious breaches of conduct have occurred after full and adequate warning, that a dismissal from the service is excessive. The function of the State and its political subdivisions in properly and efficiently, and with discipline, operating its departments and governmental functions must be upheld. However, other punishments are provided in the statute, and in this day of liberality towards those that have committed crimes as youths, those that have run afoul of the law on the first occasion, the court feels that a dismissal from civil service is equivalent in some respects to a dishonorable discharge from military service and agrees with the authorities cited herein that this particular offense, inexcusable as it may have been combined with the discourtesies exhibited under specification 1, is not sufficient to justify a dismissal of the petitioner from the service. Consequently, this court annuls the determination of the respondent solely in respect to the punishment imposed and affirms the determination in all other respects and returns and remits the matter to the respondent for reconsideration and imposition of an appropriate lesser penalty on all three specifications.