Miles F. McDonald, J.
In this article 78 GPLR proceeding petitioner seeks review, and to vacate and annul respondents’ determination (Feb. 2, 1966) which terminated his employment as probationary patrolman at the end of the probationary period, allegedly for “ unsatisfactory performance record ” and to direct his reinstatement with pay.
Examination of all the submitted papers shows that petitioner, having met all the prerequisites for the position of patrolman in the New York City Transit Police Department, was on May 3, 1965 appointed by the Authority to the position of probationary patrolman, subject to the employer’s investigation of petitioner’s character and fitness to be a member of the Transit Police Department. Further, respondents assert that petitioner was apprised in writing that such appointment was also subject to his satisfactory completion of a nine-month probationary period of active employment, and that such employment, if found to be unsatisfactory, could be terminated at the end of the probationary term.
Respondents contend that it acted upon the recommendation of the acting head of the Transit Police Department who considered petitioner’s employment unsatisfactory, and thus on the final day of the latter’s probation, it did terminate his employment. The basis for such recommendation is that petitioner (1) failed to present a required photograph of himself when instructed to do so; (2) he twice failed to report on time; and *519 (3) petitioner had to be corrected as to the proper manner of keeping his police memorandum book. As to these three instances of alleged dereliction, it appears that petitioner had been admonished and disciplinary action was taken or delayed. However, in the case of failing to properly keep his police memo book, as of December 30, 1965, such book was, following inspection by Lieutenant Fittig, found to be satisfactorily maintained.
In the court’s view, one who seeks to become a part of a law-enforcement unit or agency should especially know that high standards of performance and reliability will be expected of him. Here it is observed that no complaint or charge had been made against the petitioner’s conduct in the performance of his duty as transit patrolman for the entire period of nine months.
The Authority’s right to terminate a probationary employee’s service at the end of the probation period, without a hearing and without assigning a reason or explanation for its action, so long as its determination is made in good faith, is indeed well established (Matter of Voll v. Helbing, 256 App. Div. 44, app. dsmd. 294 N. Y. 653; People ex rel. Katz v. Woods, 171 App. Div. 516; Matter of Monico v. Kennedy, 16 A D 2d 634; Matter of Croft v. McGinnis, 24 Misc 2d 235, 236-237). However, the Appellate Division of this Department in Matter of Redman v. New York City Tr. Auth. (14 A D 2d 911), stated (p. 912): “ It is time that where the appointing body does affirmatively state the reason for its action, the court may review the action taken and, if the court finds such reason to be arbitrary, it should remit the matter to the appointing body for further proceedings (Matter of Anonymous v. New York City Tr. Auth., 4 A D 2d 953, affd. 7 N Y 2d 769; Matter of Hamilton v. Monaghan, 285 App. Div. 692, affd. 1 N Y 2d 877).”
The isolated derelictions attributed to the petitioner do not warrant the penalty meted out to the movant which, in the court’s view, are “ so disproportionate to the infractions as to be shocking to one’s sense of fairness and is arbitrary.” (Matter of Mendoza v. Jacobs, 14 A D 2d 521; Matter of City of Rochester [Smith St. Bridge], 234 App. Div. 583, 585; Matter of Wansart v. Feinstein, 48 Misc 2d 12.)
Petitioner raises a further issue, which requires consideration by this court, that the notification given to the petitioner was inadequate and in violation of the Buies of the City Civil Service Commission. Specifically, rule 5.2.4 states: “ 5.2.4. At the end of the probationary term, the appointing officer may terminate the employment of any unsatisfactory probationer by notice to him and to the director. However, the appointing officer may thus terminate the employment of. an unsatisfactory *520 probationer at any time after a minimum service of three months where such probationer is serving in a position the minimum compensation of which is not more than (four thousand dollars) four thousand five hundred fifty dollars per annum. Notwithstanding the provisions of paragraph 5.2.1. in the Police Department and in the Neto York City Transit Authority, the appointing officer may terminate the employment of a probationary patrolman, a probationary transit patrolman, a probationary policewoman or a probationary transit policewoman at the close of his or her period of study at the police academy or the transit police recruit training school, where such probationer fails to complete successfully the prescribed course of study at such academy or school, as the case may be.” (Emphasis supplied.)
It is to be noted that no special form of notice is required. The notice given herein is on plain paper without any identifying mark. It reads as follows:
‘1 Richard E. Douglas, Shield #2559
“ APPOINTED —May 3,1965
“ This is to inform you that pursuant to Rule 5.2.4 of the Rules of the Civil Service Commission of the City of New York and pursuant to the provisions of Chapter 21, Paragraph 2.0 (a), 2.1 of the Manual of Procedure of the Transit Police Department and Paragraph 4 of the Recruit Training Manual of the Transit Police Department Academy, the Transit Authority is terminating your employment at the end of your probationary term, for unsatisfactory performance record, effective close of business February 2, 1966.” (Emphasis supplied.)
Below this appears the signature of the petitioner, which apparently was intended to serve as an acknowledgment of receipt of the notice, his signature having been witnessed by Joseph M. Norton, Dep. Insp. The purpose of requiring a notice is to apprise the probationer employee that the appointing officer in this case, the Transit Authority, is terminating his employment at the end of the probationary period. A reading of the notification clearly indicates that fact and it cannot be said that the petitioner was not fully and fairly apprised of the actions taken or about to be taken by the Transit Authority. The inclusion of Transit Authority stationery or seal would have added nothing to this notice, nor would the signature of all of the Commissioners.
It is argued by the petitioner that notification of termination of employment at the closing of the probationary term was given by the Deputy Inspector. This is clearly not the fact. The Deputy Inspector merely witnessed the receipt given by the *521 petitioner himself for the notice. The contention that the notice was improper is without merit. The matter is therefore to be remanded to the Transit Authority for further proceedings in accordance with this determination. Settle order.