Joseph A. Brtjst, J.
This is an article 78 proceeding to review respondent’s determination dismissing petitioner as a patrolman of the Police Department of the City of New York.
*320 The issue to be determined is whether there was an abuse of discretion in dismissing petitioner as a patrolman in the Police Department in the City of New York.
Petitioner, 23 years of age, was appointed a police trainee on July 9, 1965. On July 31, 1967, he was appointed a patrolman.
On April 25,1969, petitioner deposited his off-duty revolver in the locked trunk of his car while he went bowling. At about 11:30 r.M. of that day he reported for duty at his precinct for the midnight-to-8 shift. He drove Ms car to his patrol post.
During the early morning hours of April 26, 1969, petitioner received injuries to his hand while aiding in the apprehension of two suspects who were engaged in an altercation with two patrolmen.
On Sunday, April 27, 1969, his day off, petitioner went to retrieve his car. It was stripped, the trunk broken into and his off-duty revolver was missing.
On Tuesday, April 29, 1969, petitioner reported the loss of his off-duty service revolver to his commanding officer.
Petitioner stated that he did not immediately report the loss of the revolver on the advice of older patrolmen, in order to give plainclothesmen an opportunity to make a search. He reported the theft to the detective division. When he reported the theft to his superior on April 29, he was still following the advice of older patrolmen. He realized a week later that he was foolish to follow such advice, and he voluntarily approached his superior and related the true facts as to the'time of disappearance of the revolver.
On May 7, 1969, petitioner was served written charges consisting of four specifications.
The first, in driving his private car in the vicinity of his post without just cause.
The second is negligent loss of his off-duty revolver.
The third — failed to report the theft of the revolver on April 27, 1969, to Ms commanding officer.
The fourth — falsely stating that his revolver was lost on April 29,1969, when it was lost on April 27, 1969.
Petitioner pleaded guilty to specifications first and fourth, with explanation, and pleaded not guilty to specifications second and third.
A hearing was duly held and petitioner was found guilty.
In his findings and recommendations, the Trial Commissioner recommended to the Police Commissioner that petitioner be dismissed from the police force. The Police Commissioner on January 16, 1970, informed petitioner of his dismissal.
*321 Petitioner, during the short time he had been a member of the Police Department, has compiled an impressive record, which evidently was not considered by the Police Commissioner.
He received the meritorious police duty award, based on an arrest made on August 9, 1968, while off duty, of a man for murder and possession of a knife.
Also, on April 11, 1969, he received an excellent police duty award because of an arrest made on August 22, 1968, of a man for robbery and possession of a knife. He disarmed him.
He also made four other felony arrests in dangerous circumstances, where the individuals arrested were armed with dangerous weapons (one had a gun, which later proved to be an imitation).
He has made 12 other arrests involving an element of danger.
While the Police Commissioner is possessed of large discretionary power, the exercise of which the courts do not generally interfere with, these powers nevertheless are not absolute, but must instead be exercised within reasonable limits.
In the circumstances herein, including petitioner’s record, it is the opinion of the court that the extreme penalty of dismissal herein accorded is unreasonable, unwarranted and disproportionate to the charges. The determination is annulled and the matter is remanded to the Police Commissioner for the imposition of an appropriate penalty not inconsistent with the foregoing.