Milton Mollen, J.
This is an article 78 proceeding brought by the petitioner against the New York City Transit Authority (hereinafter referred to as “ Authority ”) and the Department of Personnel, Civil Service Commission, City of New York, to annul the Authority’s determination denying the petitioner’s application for reinstatement to his former position of Transit Patrolman and for back pay from the date of the denial of reinstatement.
Petitioner contends that the Authority’s denial of his reinstatement is arbitrary, capricious and unreasonable. The respondent Authority contends that the right to reappointment rests solely in the discretion of the Authority and that the petitioner, while a Transit Patrolman, abused the sick leave privileges of his position.
The material facts are not in dispute. The petitioner was appointed to the position of Transit Patrolman on November 4, 1966. On April 27, 1970 he voluntarily resigned from his position “ to enter private enterprise in Florida ”. On September 3, 1970 he made a formal written application to be reinstated to the position of Transit Patrolman pursuant to rule VI, section II 6.2.1. of the Rules of City Civil Service Commission.
On October 1, 1970 the Authority denied his application for reinstatement/based upon the recommendation of the Chief of the Transit Police Force, who had reviewed the petitioner’s record of service, because of petitioner’s unsatisfactory sick record and the fact that petitioner has pending a lawsuit for back injuries sustained on March 21, 1970.
Petitioner’s record discloses that on March 7, 1969 he was requested by his superior officer to file a report in connection with his alleged abuse of sick leave privilege. His sick report showed that prior to March 7, 1969 he had been ill 7 days in 1967, 15 days in 1968 (3 days of which resulted from an injury sustained on the job), and in the year 1969 he had been ill on March 6. Respondent’s answer states that thereafter petitioner was given special attention each time he reported sick.
On March 14,1969 respondents ’ Deputy Chief Inspector stated that since “ doctor’s lines ” (medical reports) were submitted he recommended that there be no denial of sick leave.
The petitioner subsequently was ill 3 days for the remainder of the year 1969 and 3 in January, 1970. In March and April of 1970 the petitioner used 12 sick days as á result of injuries sustained in an automobile accident. These injuries were verified by respondents after they examined the petitioner in their clinic immediately after the accident.
*617 Petitioner states that while a Transit Patrolman he made 12 . arrests, issued 20 juvenile delinquency cards, and numerous summonses for violations of the law. Petitioner further alleges that he came to the rescue of a minister who was being assaulted, and that while on routine patrol in March, 1970 he saved a young lady from suicide.
In December, 1967 he lost his shield,- which was subsequently recovered. As a result of losing his shield he was given a three-day suspension. He was never suspended from duty nor was he ever served with any charges other than that one instance.
Petitioner further alleges, and it is admitted in respondents’ answer that, during the course of his service as a Transit Patrolman, his services were found to be generally acceptable. It is further admitted that at the time petitioner tendered his resignation no charges of any kind were then pending against him.
Petitioner states that the reason he resigned was that his wife’s parents, with whom they resided, had both died within six hours of each other in January, 1969; that as a result thereof his wife became emotionally ill and depressed and pleaded with him to move to Florida and start a new life; that he was advised by the doctor that his wife was headed for a nervous breakdown and that the move to Florida would materially help his wife’s condition. Petitioner then states that he moved to Florida with his wife and two minor children; that he was unable to obtain the necessary funds to go into business in Florida and therefore he returned to New York.
It is interesting to note that the Authority, although aware of the petitioner’s sick leave record at the time he applied for reinstatement, nevertheless went to. the trouble of checking the police records in Tampa, Florida, concerning the petitioner’s activities from the date of his resignation until the date he applied for reinstatement. Such investigation disclosed nothing of a derogatory nature.
Respondents ’ refusal to reinstate petitioner despite an admittedly satisfactory record appears to be based upon two grounds: 1) abuse of sick leave, and 2) back injuries received by petitioner during an auto accident which occurred on March 21, 1970.
Annexed to the petitioner’s moving papers is a. photostatic copy of the Authority’s regulations governing sick leave. They permit continued sick leave for a period of one year.
Though the Authority gave special scrutiny to petitioner’s sick leave, there is no claim that the petitioner was not confined to his home on the dates of his illnesses, nor that he was in fact not ill on the dates that he took sick leave. Nor is there any claim that untimely notice was given of his illness. Additionally, *618 since the petitioner was on the force for more than six months, under the respondents’ regulations, referred to above, he was entitled to one year of unlimited sick leave.
The respondent has discretionary power with regard to reinstatement applications made pursuant to the Civil Service Commission Buies pertinent herein, and the courts generally do not interfere with the exercise of such discretion. This power, nevertheless, is not absolute and must not be exercised unreasonably, arbitrarily or capriciously. (Matter of Redman v. New York City Tr. Auth., 14 A D 2d 911 [2d Dept.]; Matter of Bryan v. Leary, 64 Misc 2d 319; Matter of Katz v. Kennedy, 35 Misc 2d 670.) In Matter of Douglas v. O’Grady (51 Misc 2d 518, 519), a case involving the dismissal of a Transit Authority Patrolman at the end of his probationary period where, as here, the Authority had full discretion, my learned colleague Mr. Justice McDonald, stated: 1 ‘ The isolated derelictions attributed to the petitioner do not warrant the penalty meted out to the movant which, in the court’s view, are so ‘ disproportionate to the infractions as to be shocking to one’s sense of fairness and is arbitrary. ’ (Matter of Mendoza v. Jacobs, 14 A D 2d 521; Matter of City of Rochester, [Smith St. Bridge], 234 App. Div. 583, 585; Matter of Wansart v. Feinstein, 48 Misc 2d 12.) ”
In the instant matter, respondent has denied petitioner’s application for reinstatement, predicated on the fact that the petitioner used 41 sick leave days during a period of employment covering more than 41 months’ time. The record is totally devoid of any showing that the petitioner did in fact abuse his sick leave privileges. “ Abuse ” would be construed generally to indicate some element of impropriety or unwarranted or unjustified use of sick leave. The conceded facts do not support such a conclusion as being reasonable under the circumstances present in the instant case. This court is mindful of the responsibilities the Authority has in carrying out its mandated duties. The court is aware that the Authority is entitled to require that its patrolmen are physically capable of carrying out their duties and functions. But the court is also concerned about the rights of one such as petitioner herein, who has passed a civil service written and physical examination to obtain the position he once held, had satisfactorily completed his probationary service and attained tenure rights, and had served well in his position without any significant dereliction. For the Authority to deny petitioner’s application for reinstatement, it should have a reasonable basis. Here it does not. This court holds that the respondents’ determination denying petitioner’s application for reinstatement is unwarranted and unreasonable,
*619 The respondent has given as an additional reason for its denial the back injuries sustained by petitioner on March 21, 1970. Respondent is directed to reinstate the petitioner to his former position, subject to a medical examination and a finding of physical fitness for the position.
Under all the facts and circumstances of this case, the petitioner’s request for back pay from October 1, 1970 is hereby denied.