■ In the Matter of the Estate of RICARDO LLANGA, Deceased. Estate of ALGRIA M. DE SALAZAR, Appellant; SOL C. DAVIS, Respondent.— Appeal from a decree of the Surrogate's Court, Kings County, dated July 16, 1971, dismissed, without costs. The decree was entered upon an order made upon default of appellant and as such is not appealable (CPLR 5511). In addition, the record on appeal is incomplete in failing to include a copy of the decree. We have nevertheless examined appellant's contention and find it to be without merit (EPTL 3–4.1, subd. [a], par. [1], cl. [B]). Our perusal of the record indicates that the conduct of the executor warrants the commencement of appropriate proceedings in the Surrogate's Court for his removal (SCPA 711, 719). Munder, Acting P. J., Martuscello, Shapiro, Brennan and Benjamin, JJ., concur.

■ In the Matter of DENNIS J. MCINERNEY, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY et al., Appellants.— In an article 78 proceeding to review a determination of the New York Transit Authority, the respondents appeal from a judgment of the Supreme Court, Kings County, dated July 12, 1971, which annulled the determination and directed that petitioner be reinstated to his former position as a New York City Transit Patrolman subject to a medical examination and a finding of fitness for the position. Judgment modified on the law by adding the following decretal provision " Ordered, Adjudged and Directed, that the petition be and the same hereby is dismissed as to the respondent Department of Personnel, Civil Service Commission of the City of New York." As so modified, judgment affirmed upon the opinion of Mr. Justice Mollen at Special Term, with costs to petitioner. The petition does not seek review of a determination made by the Civil Service Commission and therefore fails to state a cause of action as to it (CPLR 7802, subd. [a]). Hopkins, Acting P. J., Martuscello, Christ, Brennan and Benjamin, JJ., concur. [69 Misc 2d 615.]

■ In the Matter of OFFICERS ASSOCIATION OF THE POLICE DEPARTMENT OF THE COUNTY OF NASSAU, Petitioner, v. PUBLIC EMPLOYMENT RELATIONS BOARD, COUNTY OF NASSAU, Respondent.— Determination dated November 16, 1970, confirmed, without costs. (See *Matter of Wakshull* v. *Helsby*, 35 A D 2d 183.) Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■ In the Matter of SUSAN TEMKIN, Respondent, v. VICTOR TEMKIN, Appellant.— In a proceeding to modify a decree of another court so as to increase the amount directed to be paid for child support, which decree incorporated by reference a separation agreement between the parties, the appeal is from an order of the Family Court, Westchester County, dated August 9, 1971, which determined the amount of the support arrears for the years 1969 and 1970 and directed that the amount be paid in specified installments. Order modified, on the law and in the interests of justice, by adding thereto a direction that computation of the support formula in future years be based upon calculating appellant's income taxes by using the standard deduction and one exemption. As so modified, order affirmed, without costs. The findings of fact below are affirmed. The modification herein ordered will avoid the possibility of manipulation of itemized deductions and will achieve the fair result seemingly desired by the parties. Munder, Acting P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.