■ In the Matter of NANCY N. OSTOYICH, Appellant, v STATE OF NEW YORK et al., Respondents. — In a proceeding pursuant to CPLR article 78 to compel respondents to reinstate petitioner to the position of nurse II, grade 16, with back pay, the appeal is from a judgment of the Supreme Court, Dutchess County (Palella, J.), entered July 6, 1983, which dismissed the proceeding on the merits. Judgment affirmed, without costs or disbursements. The issue presented .on this appeal is whether the decision of respondent Wassaic Developmental Center to dismiss petitioner, a probationary employee, for lack of fitness and material nondisclosure on her job application was arbitrary and capricious. On her employment application, petitioner stated that she wanted to change jobs because "I felt that I wasn't being utilized". In addition, on the application which she submitted to take an open competitive examination, petitioner responded "No" to the question "Did you ever resign from any employment rather than face dismissal?" Before petitioner finished serving her probationary term, respondent Wassaic conducted an investigation into her background. Upon discovering that disciplinary charges had been brought against her at her previous place of employment and that she had been permitted to resign from her position in settlement of those charges, Wassaic decided to terminate her employment. It is well settled that the employment of a probationary employee may be terminated without a hearing and without specific reasons being stated and, in the absence of bad faith, the determination must be upheld (*Matter of Talamo v Murphy,* 38 NY2d 637; *Matter of Sargeant v Director, Brooklyn Developmental Center,* 84 AD2d 843, affd 56 NY2d 628; *Matter of Sachs v Board of Educ.,* 71 AD2d 898). In determining a probationer's capability and fitness, an appointing authority is not confined to evaluating the employee's performance during the probationary term but may consider her conduct while in the service of former employers (*De Salvo v Kolb,* 54 AD2d 991; *People ex rel. Walter v Woods,* 168 App Div 3; see, also, *Prasad v Merges,* 65 AD2d 663, app dsmd 46 NY2d 939, cert den 444 US 861). We cannot say that the decision to dismiss petitioner was arbitrary and capricious where an investigation revealed that petitioner had been charged with serious acts of

misconduct at her previous place of employment and that she had failed to disclose the true facts and circumstances surrounding her resignation from that facility on her employment application and on the application she submitted to take an open competitive examination. We have considered petitioner's remaining contentions and find them to be without merit. Titone, J. P., Bracken, Brown and Rubin, JJ., concur.